## STERLING *v.* HUNTLEY *et al.*

A grantor conveyed to his wife certain land. The deed first used the words "in fee simple," but then declared that she should hold the property "during the term of her natural life." Then came the following clauses: "The above deed of gift is made subject to the following conditions, to wit: that in the event of the donor, the said [naming him], living longer than his wife, the said [naming her], then at the death of the said [wife] all of the above-described property shall revert to the said [donor] and become his lawful property. But in the event of the said [donor] dying first, the said [wife] holds all of the above-described property during her natural life, and at her death all of the above property shall belong to our much loved and only daughter [naming her], her heirs and assigns. But in the event of the said [daughter] dying without issue, then at her death all of the above-described property shall be equally divided between her two brothers [naming them]; and their respective heirs shall each receive pro rata share of their father's proportion of said property." *Held:*

1. That upon the death of the grantor before that of his wife, she had a life-estate, with remainder to the daughter of the grantor.
2. The remainder which the daughter took was a base or defeasible fee, subject to be divested upon her dying without issue.
3. The language of the deed, considered as a whole, plainly shows that the grantor did not use the words "dying without issue" as meaning so dying before the termination of the life-estate, but that they had reference to the time of the death of the daughter.

NOVEMBER 18, 1912.

Equitable petition. Before Judge Freeman. Coweta superior court. October 31, 1911.

On September 5, 1887, William H. Huntley executed a deed to his wife, Martha Caroline Huntley, named as party of the second part. By it he conveyed to her in fee simple certain land, and "all the fixtures and furniture contained in said house, . . to have and to hold the same during the term of her natural life." The deed then contained the following clauses: "The above deed of gift is made subject to the following conditions, to wit: that in the event of the donor, the said William Henry Huntley, living longer than his wife, the said Martha Caroline, then at the death of the said Martha Caroline all of the above-described property shall revert to the said William Henry Huntley and become his lawful property. But in the event of the said William Henry Huntley dying first, the said Martha Caroline holds all of the above-described property during her natural life, and at her death all of the above property shall belong to our much loved and only daughter, Mary Lou Huntley, her heirs and assigns. But

in the event of the said Mary Lou Huntley dying without issue, then at her death all of the above-described property shall be equally divided between her two brothers, John Park and William Henry; and their respective heirs shall each receive pro rata share of their father's proportion of said property." Mrs. Mary Huntley Sterling (formerly Mary Lou Huntley) filed her equitable petition, alleging among other things as follows: Martha C. Huntley, the life-tenant, died on December 2, 1901, leaving as her sole heirs William H. and J. P. Huntley and the plaintiff. John Park Huntley, one of the brothers of the plaintiff, died October 27, 1907, leaving as his only heirs his wife and one daughter. Prior to his death he conveyed to his mother, the life-tenant, all interest of every kind which he might have in the property. The William Henry Huntley referred to in the deed is living, and has four minor children and four children more than twenty-one years of age. Certain contentions have arisen in regard to the title to the property. The plaintiff contends that she has an absolute fee-simple title thereto. Other parties mentioned contend that, if she should die without issue, the property would belong to John Park Huntley and William H. Huntley and their children. The plaintiff is a widow without children, and is past the time of life when it is probable that she will have issue. A construction of the deed is sought.

On demurrer the petition was dismissed, and the plaintiff excepted. The bill of exceptions recites that the sole question decided on the hearing was whether, under the deed above set out, the plaintiff had an absolute fee-simple title, and was entitled to the relief prayed, or whether, if she should now die without issue, the property would belong to certain other parties named in the deed.

*W. T. Tuggle,* for plaintiff.

*Evins & Spence* and *A. H. Thompson,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) While the demurrer was general, the bill of exceptions recited the point decided by the judge; and in this court only a single question was urged or argued, and to that we confine our decision, whether or not there may have been other grounds for affirming the judgment. In *Howell* v. *Wilson,* 137 *Ga.* 710 (74 S. E. 255), the sufficiency of the allegations as to what was done by the defendants was presented and urged here. The demurrer was overruled, and on exception the question was whether the petition set out a good case as

against a demurrer. In the instant case the question presented is this: If his wife survived the grantor, and the daughter survived her, did the daughter take a fee-simple estate in remainder, or a base fee subject to be divested and pass to her brothers, or their heirs, if she should thereafter die without issue? This turns on the time to which the words "in the event of the said [daughter's] dying without issue," etc., shall be referred. The plaintiff contends that they only provide for the event of the daughter's dying without issue during the lifetime of her mother, and that upon her surviving her mother the remainder became an absolute fee. The defendants contend that this contingency was not limited to the lifetime of the mother, and that after the mother died the daughter held, not an absolute, but a base or defeasible fee.

After the death of the grantor, his wife was to hold the property during her life, and "at her death" it was to belong to the daughter. In the event of the daughter dying without issue, "then at her death" the property was to be "equally divided" between her brothers or their heirs. It was argued that the words "at her death," in the last clause, referred to the death of the mother. Taking these words in the connection in which they are used, and considering that they immediately follow the naming of the daughter, not the mother, we think they clearly mean at the death of the daughter. And this is made more certain by the next statement, that the property should be divided between "her brothers," naming brothers of the daughter. It would do violence to plain language to hold that "at her death" meant at the death of the mother (not mentioned in that immediate connection), but the next words providing for a division between "her brothers" meant brothers of the daughter.

To hold that the provision made in the event that the daughter should die without issue referred solely to her dying without issue during the lifetime of the life-tenant, as contended, would make this clause antagonistic to the general scheme of the deed of gift. If the daughter should die without issue, *"then at her death"* the property was to be divided between her brothers or their heirs. If this meant that at her death during the lifetime of the life-tenant there should be a division between the brothers, it would destroy both the life-estate of the mother and the possible reversion to the grantor, if he should survive his wife, or at least would interfere

with their enjoyment. It could hardly have been the intention of the grantor to have the property divided between his sons upon the death of his daughter before the termination of the life-estate and possibly before it could be known whether the daughter would take any interest at all, or whether the entire property would revert to the grantor himself if he survived his wife.

Construing the instrument as a whole, we think the grantor created an estate for life in his wife, with reversion in fee to himself, if he survived her; that if she survived him, she retained the estate during her life, with remainder, after her death, to the grantor's daughter; that this remainder was a base fee, subject to be divested if the daughter should die without issue; that this contingency did not terminate upon the death of the life-tenant; and that in no event did the grantor contemplate a destruction of the life-estate and a division during its continuance. As to the creation of a base fee see *Hill* v. *Terrell,* 123 *Ga.* 49 (51 S. E. 81).

We recognize the rule that courts are disposed to construe wills and deeds so as to vest remainders. In construing wills, the rule has been embodied in the code that "words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears." Civil Code, § 3680. And where a future time is fixed for a division or distribution, there are decisions which hold that words of survivorship will be referred to such time, in the absence of anything to show a contrary intent. But if the instrument, whether a will or a deed, shows clearly a different intent on the part of the maker, it will control.

It would be unprofitable to take up the various cases cited by counsel for the plaintiff and discuss the language used in the wills or deeds there involved, and to show the difference between them and the terms of the instrument now before us. It may be stated generally that in none of them are terms of the character above dealt with employed, which plainly show that the intention of the grantor was that the words, in the event of the daughter "dying without issue," should not be limited to the continuance of the life-estate. *Judgment affirmed. All the Justices concur.*