22303.   DUTTON et al. v. HUGHES et al.

SUBMITTED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964.

*D. B. Phillips,* for plaintiffs in error.

*Henderson & Pope, A. J. Henderson,* contra.

ALMAND, Justice.   Emmett L. Dutton and two other named persons brought their petition against Jerry G. Hughes and four other named persons in which they sought the construction of Item 7 of the will of John T. Hughes.   The defendants filed their answers.   By agreement of the parties the case was tried upon the allegations of the petition, the answers and a copy of the will which was attached to the answers.

Item 7 of the will reads as follows: "To my son, Judge Lester Hughes, I give the following lands with the conditions following: All of lot No. 368 and 9 acres of lot of land No. 369 it being a strip of land running from the east to the west line of said lot just south of land line of William Reece, all in the 2nd District and 2nd section of said State and County.   The above devise to my son, Judge Lester Hughes, is to be only a life's interest, that is he is to have the exclusive use and enjoyment of same for and during his natural lifetime, and at his death, the remainder interest to vest in my grandson, Guy Hughes, for and during his lifetime, and if he leaves no bodily heirs this land is, at his death, to equally vest in my grandchildren, Hope Perk Hughes, Phillip Hughes and Pauline Hughes, or in the case of the death of my son, Judge L. Hughes, and my grandson,

Guy Hughes, then the above land to vest in my three grand-children, Hope Perk Hughes, Phillip Hughes and Pauline Hughes." Hope Perk Hughes died in 1921 leaving a widow but no children. His widow married J. Hansell Dutton. Both died leaving no children. J. Hansell Dutton survived his wife. The plaintiffs alleged that they are the sole heirs at law of J. Hansell Dutton and that under provisions of Item 7 of the will they have title to a one-third interest of the real estate described in Item 7 of the will.

The defendants, Gloria Hughes Loyd and Jerry Hughes, are the surviving children and sole heirs of Guy Hughes, a grand-son of the testator, who died in 1962. The other defendants are: Mrs. Pearl Hughes, the widow of Judge Lester Hughes, and Phillip Hughes and Pauline Hughes, brother and sister of Hope Perk Hughes.

The defendants contend that under a proper construction of Item 7 Guy Hughes took the remainder interest in the property described in Item 7 upon the death of his father, Judge Lester Hughes, subject to being divested if he did not leave bodily heirs; that Guy Hughes died in 1962 leaving two children, and fee simple title to the land vested in them; that a proper construction of Item 7 to carry out the intent of the testator would be achieved by transposing the words "for and during his life" and changing the connecting conjunction "and" to "but" so that the clause would read: "The remainder interest to vest in my grandson, Guy Hughes, but for and during his lifetime if he leaves no bodily heirs." The court construed this item as vesting in the defendants, Gloria Hughes Loyd and Jerry B. Hughes, upon the death of their father, Guy Hughes, and decreed title in them.

In seeking to find the intent of the testator as to the disposition of the property in Item 7, reference to Item 8 is helpful. There he devised certain tracts of land to his son, John S. Hughes, to his sole use and enjoyment for 20 years and at the expiration of said period title then to vest in his son, John S. Hughes, and in his grandchildren, Hope Perk Hughes, Phillip Hughes and Pauline Hughes. It is apparent from reading Items 7 and 8 together that the testator desired the properties

devised to his two sons, one for life and the other for 20 years, and then to his grandchildren so that such grandchildren would ultimately have title to the property. When he devised the property to his son, Judge Lester Hughes, for life, the language and words used therein "at his death, the remainder interest to vest in my grandson, Guy Hughes, for and during his lifetime and if he leaves no bodily heirs" at his death to vest in the three grandchildren named in Item 8, he meant that only in the event his grandson, Guy Hughes, died leaving no bodily heirs would the land devised go to these grandchildren. *Code* § 85-708 provides: "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." We are of the opinion that on the death of the testator the remainder interest vested in Guy Hughes subject to being divested by his dying leaving no bodily issue. *Sterling v. Huntley*, 139 Ga. 21 (76 SE 375); *Smith v. Frost*, 144 Ga. 115 (86 SE 235).

Guy Hughes having died leaving two children, they became vested with the remainder interest in the property.

*Judgment affirmed. All the Justices concur.*