By the Court

Lumpkin, C. J.,
delivering the opinion.
The question in this case is, did Julia Holt, now Julia Ousley, and her children by Holt, her former husband, take an absolute joint tenancy in the property of her father, at the time of his death, bequeathed in the twelfth and fifteenth items of testator’s will, or did she take an estate for life, remainder to her children then born, and any others which she might thereafter have? There is no doubt, according to the rule of the common law, the *133 mother and children take a joint estate unless there are words which show a manifest intent to the contrary. Are there such superadded words in John Bowman’s will? After specifying the property given in the twelfth item of the will, the testator says: “All which said property herein given I will and direct to be vested and given, in proper and legal manner, to my said daughter and to her children, free from the debts or disposition of her present or any future husband.” And then in the fifteenth item, after mentioning the property theretofore given to each of his daughters, and therein given to make their shares equal, without mentioning their children, the testator concludes this item as follows: “The shares coming to my several daughters and their children to be secured to them in legal manner and form as heretofore directed and specified in this will.” Is not the inference, I had almost said, irresistible that the testator intended by the language of the will that not only the interest of his daughter, but of her children also — all the children which she might then have, or might thereafter have by any future husband, should be protected by a settlement ? In Jackson and wife vs. Coggin and others, 22 Georgia Reports, 403, the only words relied on to take the case out of the ordinary rule were, “free from the disposition of any future husband.” Whether that case was in accordance with a majority, or the general tenor of adjudged cases, I need not say. But in the will before us the question is clear. What does the testator mean when he wills and directs the property to be given in proper and legal form to his daughter Julia, and to her children, free from the debts or disposition of her present and any future husband? And then again, the shares coming to my daughters and their children to be secured to them in legal manner and form as heretofore dii’eeted and specified in this will ? He means what the words plainly indicate — not that the daughter and chi Id fen should take as joint tenants — such a disposition requires no such terms. He intended a settlement, which word of itself imports the settlement of the property upon the mother for life, remainder to her children, born or to be born. So the Court below decided.
Let the judgment be affirmed.