GREER v. PATE *et al.*, executors.

To a suit upon promissory notes given for the purchase price of land, the defendant pleaded equitably that the plaintiff gave him a bond for title (not attached to the plea nor set forth therein), but that the plaintiff was unable to make a good title, his vendor being unable to convey the same; the deed to her being attached. It was dated January 4th, 1851, and conveyed the land to her "and her

child or children, should she be the mother of any," free from the control, etc. of her husband, and should she " depart this life leaving neither children, grandchild or grandchildren, then in that case the above and foregoing tracts or parcels of land shall belong to and be divided among my heirs, part and part alike." *Held*, that the plea did not constitute a good defence.

May 14, 1890.

Deeds. Title. Estates. · Before Judge FORT. Dooly superior court. September term, 1889.

Reported in the decision.

MARTIN & SMITH and M. T. HODGE, for plaintiff in error.

A. C. PATE, by HARRISON & PEEPLES, *contra*.

BLANDFORD, Justice.

This was an action brought by the defendants in error against the plaintiff in error to recover a sum of money due on two promissory notes. The plaintiff in error pleaded an equitable plea, and asked that the contract between the parties be set aside and annulled. Upon demurrer this plea was stricken. As an exhibit to the plea, was set forth a deed, as follows :

" Georgia—Houston County : This indenture, made the 4th day of January, 1851, between Hugh Lawson, of the State and county aforesaid, of the one part, and Harriet Thompson Ferrell, daughter of the said Lawson, of the other part, witnesseth that the said Hugh Lawson, for and in consideration of the natural love and affection which he has and bears to his said daughter, the said Harriet Thompson Ferrell, and for and in consideration of the sum of five dollars cash in hand paid, the receipt whereof is hereby acknowledged, hath given, granted and conveyed, and by these presents doth give, grant and convey unto the said Harriet Thompson Ferrell, daughter as aforesaid, the following tracts or parcels of land [describing them]. I, Hugh Lawson, give unto my said daughter, Harriet Thompson Ferrell, and her child or children should she be the mother of any, free from and not subject to the control, debts, contracts or liabilities of any kind whatever of

her present husband, or any future husband she may have; and should my daughter, Harriet Thompson Ferrell, depart this life leaving neither children, grandchild or grandchildren, then in that case the above and foregoing tracts or parcels of land shall belong to and be divided among my heirs, part and part alike."

The plaintiff in error failed to state in his plea, or to set forth, the bond for titles under which he held the land, or to state what kind of conveyance to the same he was entitled to by virtue of said bond for titles. We think this deed, at the time it was executed, was an attempt of the grantor to limit a fee upon a fee, which, under the laws of this State, at that time could not be done by deed. Section 2248 of our code, which is taken from the act of 1821 (Cobb's Digest, 169), declares that " The word ' heirs,' or its equivalent, is not necessary to create an absolute estate, but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Under the law of this State at the time this deed was made, it has been expressly decided by this court, in the case of *Cook* v. *Walker*, 15 *Ga.* 457, that " Whenever an estate is given in Georgia, either by deed or will, to a person, generally or indefinitely, with the unlimited power of disposition annexed, it invariably vests the absolute fee in the first taker; and neither a remainder, nor an executory devise, can be limited over, upon such an estate." But since the adoption of our code (§2247), it is provided that " An absolute estate may be created to commence in future, and the fee may be in abeyance without detriment to the rights of subsequent remainders. A fee may be limited upon a fee, either by deed or will, where the plain intention of the grantor or testator requires it, and no other rule of law is violated thereby." But treating deeds and wills as on the same footing before as well as since the code, Mrs. Ferrell, under this deed

from her father, took a base or qualified fee, as was decided by this court in an almost similar case, *Matthews* v. *Hudson et al.*, 81 *Ga.* 120.   See that case and the authorities there cited.   She, having no child or children at the time, took a fee subject to be divested upon her dying without child or children or grandchild or children.   At all events, we think the plea filed by the plaintiff in error in the court below, without more, did not constitute a good defence to the action brought against him.

The judgment is                                    *Affirmed.*