MAYNARD *et al. v.* GREER *et al.*

LUMPKIN, J. 1. In 1859 a testator executed his will in which he bequeathed certain property to a named trustee for the sole and separate use of three daughters of the testator, and any other child or children who might be born to him, share and share alike, and in no manner to be subject to the debts or contracts of the husbands of said children, "but to be held in trust by the said [trustee] for their sole and separate use upon the following condition and limitation: that is to say, if either of my children now in life or hereafter born should die without issue living at the time of their death, then the portion of such child or children so dying is to be held in trust for the survivor or survivors equally, share and share alike; if all of my children should die

leaving no issue living at their death, then the whole property bequeathed them in trust in this the sixth item of this my will, with the increase, is to revert and become the property of my estate, share and share alike, to my nephews and nieces, the children of " certain named parents. *Held*, that the estate created for the benefit of the testator's daughters was one in fee, subject to be divested upon the happening of the contingency specified. See *Hill* v. *Terrell*, 123 *Ga.* 49 (51 S. E. 81).

2. Another item of the will provided that, "for the purpose of managing and preserving the property bequeathed to my children in the sixth item of my will, I hereby appoint and constitute [a named person], before mentioned, trustee, to manage and control their property, and also as testamentary guardian to superintend, control, and direct the education and maintenance of my children; hereby vesting and clothing him as such trustee with full force, whenever he shall deem the interest of the trust estate requires it, to sell any part or · portion of the estate, and reinvest it for the benefit and use of the children, at his discretion, subject to the trust and limitation before specified. I further give him full power and authority to invest such portion of my estate as may be in money, in money bonds, notes, or other obligations, as well as the whole or any portion of the profit or net income from the estate, in such manner as he may deem most conducive to the interests of the estate and [to] carry out the purpose of the trust." *Held*, that the trustee named in the will was authorized to sell property forming part of the trust estate without an order of court; but if a successor of such trustee were appointed by the court, he would not be so authorized.

3. Where a person purporting to act as successor of such a trustee, and who had given bond for his conduct and had made returns as trustee, though no order of appointment appeared, executed a deed, without any order of court, conveying a portion of the trust estate, such deed would not convey a valid title to the property; but it would serve as color of title, when taken in good faith, under a belief that he had authority to sell, induced by his representation that an order had been passed conferring it.

4. One of the purchasers from such trustee was not an incompetent witness to testify to transactions with the trustee because of the death of one of the testator's daughters whose administrator and her children brought suit to recover the land.

5. The uncontradicted evidence showed a · perfect prescriptive title; and there was no error in overruling a motion for a new trial, after a finding for the defendants.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*

Argued June 26,—Decided December 21, 1907

Ejectment. Before Judge Lewis. Jasper superior court. September 14, 1906.

*Robert L. Berner,* for plaintiffs.

*F. Jordan & Son* and *F. C. Foster,* for defendants.