## SLAPPEY *et al. v.* VINING.

George H. Slappey conveyed to his son certain lands by a deed containing the following recitals: " To have and to hold the said lands, with all and singular the rights, members, and appurtenances thereto in any manner appertaining or belonging, to him, the said G. R. Slappey, and his heirs, in fee simple. Provided, however, that should the said G. R. Slappey die without lawful child or children in life, or their lineal descendants, then and in that event the said lands so conveyed shall revert to and become part of the estate of the said George H. Slappey." *Held,* that the grantee in the deed took a fee which is liable to be divested upon the happening of the contingency set forth, and the deed did not confer upon his children living at his death any interest or estate in remainder.

No. 2114. DECEMBER 21, 1920.

Ejectment. Before Judge Littlejohn. Macon superior court. May 12, 1920.

R. A. Slappey and George P. Slappey, infants under the age of 21 years, brought ejectment against J. B. Vining, to recover certain described land. The land sued for was owned in fee simple and was in the possession of George H. Slappey, the grandfather of the plaintiffs, on April 15, 1881. On that date George H. Slappey executed and delivered to his son, G. R. Slappey, at that time an unmarried man, a deed of which the following are the material parts: "To have and to hold the said lands, with all and singular the rights, members, and appurtenances thereto in any manner appertaining or belonging, to him, the said G. R. Slappey, and his heirs, in fee simple. Provided, however, that should the said G. R. Slappey die without lawful child or children in life, or their lineal descendants, then and in that event the said lands so conveyed shall revert to and become part of the estate of the said George H. Slappey." This deed was properly executed, and was recorded in the clerk's office September 13, 1882. G. R. Slappey went into possession of the land sued for, and remained in possession thereof until his death, which occurred on November 20, 1913. He left

surviving him his wife, and two children who were then and are now less than twenty-one years of age. These children are Robert A. Slappey and George P. Slappey, the plaintiffs in the case. After G. R. Slappey died, his wife was appointed administratrix of his estate, and applied to the court of ordinary of Macon county, at the May term, 1914, for leave to sell for payment of debts and distribution certain lands of the decedent, including the lands sued for in this case, which application was granted. After due advertisement, the fifty acres in land lot 77 were sold in August, 1916, to J. B. Vining for $11,000, and the remainder of the lands sued for in this case were sold by the administratrix in October, 1916, to J. B. Vining for $1140.92. On August 9, 1917, the administratrix executed two deeds to J. B. Vining, conveying the lands sued for in this case. When the lands were thus sold to him J. B. Vining took possession thereof, and is now in possession.

The respective rights of the parties depend upon the construction of the deed of April 15, 1881. The case was submitted to the presiding judge for decision without the intervention of a jury. Upon the evidence submitted and the agreed statement of facts, the judge rendered a judgment in favor of the defendant; to which the plaintiffs excepted.

*A. H. Davis* and *R. R. Arnold,* for plaintiffs.

*Hatcher & Smith,* for defendants.

BECK, P. J. (After stating the foregoing facts.) Whether the plaintiffs in this case were entitled to recover depends upon the construction of the deed set forth in the statement of facts; and the precise question involved is whether, under the language of the deed, G. R. Slappey, the grantee in the deed, took a fee in the land, defeasible in case he should die without lawful child or children in life, or lineal descendants of children; or whether, as contended by the plaintiffs, the provision contained in the deed, that the lands conveyed should revert to the estate of the grantor, George H. Slappey, upon the happening of the contingency contemplated, was a limitation in the deed which, by the English rules of construction, created an estate tail by implication, and for that reason gave a life-estate to the first taker, G. R. Slappey, with remainder over in fee to his children.

We are of the opinion that the court reached a correct con-

clusion as to the character of the estate conveyed by this deed, under the statutes in force at the time of the execution of the instrument. Section 3659 of the Civil Code is as follows: "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of · the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents; and if not, in such case the court may hear parol evidence to prove the intention." Section 3661 is in the following language: "Estates tail are prohibited and abolished in this State. Gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or his· heirs by a particular person, or his children, or his issue, convey an absolute fee. Estates tail being illegal, the law will never presume or imply such an estate. Limitations which, by the English rules of construction, would create an estate tail by implication, in this State shall give a life-estate to the first taker, with remainder over in fee to his children and their descendants, as above provided; and if none are living at the time of his death, remainder over in fee to the beneficiaries intended by the maker of the instrument." And section 3662 is as follows: "All limitations over after the death of the first taker, upon his dying without heirs, or dying without issue, or dying without leaving heirs or issue, or on failure of issue, or other and equivalent terms, shall be construed to mean a failure of heirs or issue at the time of the death of the first taker, and shall convey the estate in the manner prescribed in the preceding section." In section 3659 and in section 3661 there are contained two positive general rules that must be borne in mind in construing this deed. One is that courts shall (and this applies to deeds and wills) give effect to the intention of the maker· of the instrument as far as the same is lawful, if the same can be gathered from its contents. And the other rule is, "Estates tail being illegal, the law will never presume or imply such an estate." This language last quoted is followed by the language, "Limitations which, by

the English rules of construction, would create an estate tail by implication, in this State shall give a life-estate to the first taker, with remainder over in fee to his children and their descendants, as above provided; and if none are living at the time of his death, remainder over in fee to the beneficiaries intended by the maker of the instrument." Counsel for the plaintiffs in error contend that in all cases limitations which, by the English rules of construction, would create an estate tail shall be given the effect provided for in this last quotation from our statute, and it is suggested in their brief that we should insert the word "but" before the word "limitations," and construe it in connection with the language immediately preceding. To insert the word "but," as suggested by counsel for plaintiffs in error, would be to create an exception to the absolute, general rule immediately preceding. In view of other decisions of our court which we shall cite, we think this should not be done; that the word "limitations" there should be construed in the light of our other decisions; and that this provision of our statute should be held to mean that limitations which, under the English rules of construction, would create an estate tail by implication, and which are not illegal, are to be construed as provided by the statute. In other words, the provision in the statute which we have quoted (Civil Code, § 3661) would in some cases save provisions in deeds and wills which might otherwise be brought under the ban of the statute making all estates tail illegal. But whether we are right in this or not, we do not think that this provision in the deed for a reverter to the estate of the grantor in case of the death of the grantee without issue should be given the effect of creating an estate tail by implication. In the case of *Maynard* v. *Greer*, 129 *Ga.* 709 (59 S. E. 798), a will was construed in which the testator bequeathed certain property to a named trustee for the sole and separate use of his three daughters and any other child or children who might be born to him, share and share alike, "upon the following condition and limitation: that is to say, if either of my children now in life or hereafter born should die without issue living at the time of their death, then the portion of such child or children so dying is to be held in trust for the survivor or survivors equally, share and share alike;

if all of my children should die leaving no issue living at their death, then the whole property bequeathed them in trust in this the sixth item of this my will, with the increase, is to revert and become the property of my estate, share and share alike, to my nephews and nieces, the children of" certain named parents. It was held that the estate created for the benefit of the testator's daughters was one in fee, subject to be divested upon the happening of the contingency specified; and the case of *Hill* v. *Terrell*, 123 *Ga.* 49 (51 S. E. 81), was cited. In the *Hill* case the language of the will under consideration was, "It is also my will, desire, and intention, that if either of my daughter's children should depart this life after marriage, and should die without leaving any child or children at the time of his or her death, that his or her share of all or any part of the property, or the proceeds thereof, in whatever the same may be invested, herein devised or bequeathed by this will or any clause thereof, shall revert to and be equally divided between her surviving children and their legal representatives;" and it was decided that this created in a grandchild of the testator an estate in fee, subject to be terminated or divested, if, after marriage, such grandchild should die without leaving any child or children. And in the opinion it was said: "This court has held, with great uniformity, that unless there be something to indicate a contrary intent on the part of the testator, a devise or bequest to a named person, followed by a provision that if he shall die childless the property shall pass to some other person, conveys to him a fee, subject to be divested upon his dying childless, or, as it is sometimes called, a base or qualified fee, and does not confer upon any child which he may have any interest or estate in remainder in the property."

In *Phinizy* v. *Wallace*, 136 *Ga.* 520 (71 S. E. 896), it was said: "While there were some expressions in the opinion in *Burton* v. *Black*, 30 *Ga.* 638, which went beyond the necessities of the case decided, it is now the well-settled rule of construction in this court, that, unless there be something to indicate a contrary intent on the part of the testator, a devise or bequest to a named person, followed by a provision that if he should die childless the property shall pass to some other person, conveys to him a fee, subject to be divested upon his dying childless.

and does not of itself confer upon any child which he may have any interest or estate in remainder." It is . unnecessary to make excerpts from numerous other cases cited in the last three cases from which quotations are taken. We are of the opinion that the deed in the present case conveyed to the named grantee a fee, subject to be divested upon his dying " without child or children in life, or lineal descendants of children." Accordingly the court did not err in rendering judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*