DEAN *v.* WALL.

ATKINSON, J. Mrs. Malinda Hargrove having four children in life, two of whom were married and had children, and two unmarried without children, executed a deed on November 29, 1876, to one of the latter, namely, Miss Malinda Hargrove. One of those having children was R. T. Hargrove, whose only living child at the date of the deed was Claude B. Hargrove. The deed was executed upon consideration of natural love and affection and five dollars in hand paid. It purported to convey unto Miss Malinda Hargrove, her heirs, and assigns described land, " subject to the following conditions: That in the event of Miss Malinda Hargrove dying and leaving no children, then in that event the above-described property shall revert or go back into the possession of my other children, or, in case of their death, then to their children, share and share alike; and further, that Mrs. Malinda Hargrove shall have the entire use and control of the above-described property during her lifetime." Mrs. Malinda Hargrove died, and Miss Malinda Hargrove took possession of the property. R. T. Hargrove died, leaving his child, Claude B. Hargrove. After

the death of his father and while Miss Malinda Hargrove was still in life and in possession of the property, Claude B. Hargrove executed a warranty deed to W. J. West, purporting to convey "whatever interest he had or might have in said property," and himself died during the life of Miss Malinda Hargrove, and while she was in possession of the property. Subsequently Miss Malinda Hargrove died in 1920, without having had any children. *Held:*

1. Properly construed, the deed first above mentioned conveyed to Miss Malinda Hargrove a vested defeasible fee, subject to be divested in the event of her dying and leaving no children.

2. Any estate that might devolve upon Claude B. Hargrove was contingent upon the uncertain events of Miss Malinda Hargrove dying without children, and R. T. Hargrove dying prior to the death of Miss Malinda Hargrove, and Claude B. Hargrove surviving Miss Malinda Hargrove.

3. As Claude B. Hargrove, though having survived his father, R. T. Hargrove, died prior to the death of Miss Malinda Hargrove, no title ever vested in him; and consequently the deed executed by Claude B. Hargrove to W. J. West did not convey title to any interest in the land.

4. In a suit by the widow and sole heir at law of W. J. West, instituted upon the death of Miss Malinda Hargrove, to recover an undivided interest in the land on allegations as to title as indicated above, the court erred in refusing to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur, except Hill, J., dissenting.*

No. 3145. DECEMBER 15, 1922.

Complaint for land. Before Judge Wright. Floyd superior court. February 25, 1922.

*Lamar Camp, Linton A. Dean,* and *Little, Powell, Smith & Goldstein,* for plaintiff in error. *J. Mallory Hunt,* contra.

HILL, J., dissenting. On November 29, 1876, Mrs. Malinda Hargrove executed and delivered to her daughter, Miss Malinda Hargrove, a deed to certain described real estate, " subject to the following conditions: That in the event of Miss Malinda Hargrove dying and leaving no children, then in that event the above-described property shall revert or go back into the possession of my other children, or, in case of their death, then to their children, share and share alike; and further, that Mrs. Malinda Hargrove shall have the entire use and control of the above-described property during her lifetime." It becomes necessary to determine what interest the plaintiff in the court below, Mrs. Wall, has in the property sued for; and also the interest that the defendant, Mrs. Dean, has in the property. It will be necessary, therefore, to construe the deed in order to determine their interest. I am of the opinion that the deed conveyed to the grantor's daughter, Miss

Malinda Hargrove, a base or defeasible fee, subject to be defeated if she should die without leaving children. It appears from the record that she did not have children at the time the deed was executed and delivered, and had none at the time of her death. Miss Malinda Hargrove, therefore, had a base or defeasible fee in the property in controversy (the grantor having reserved the entire use and control of the property during her lifetime). Miss Malinda Hargrove's title was a vested interest which was postponed until the death of her mother, with the possibility of her estate being defeated upon her dying childless, or enlarged into an absolute fee-simple title upon her dying with children. Having died leaving no children, her interest in the estate terminated. Civil Code (1910), § 3658; *Schley* v. *Williamson,* 153 *Ga.* 245 (111 S. E. 917); *Davis* v. *Hollingsworth,* 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233); *Phinizy* v. *Wallace,* 136 *Ga.* 520, 527 (71 S. E. 896); *Shealy* v. *Wammack,* 115 *Ga.* 913 (42 S. E. 239); *Sterling* v. *Huntley,* 139 *Ga.* 21 (76 S. E. 375); *Hill* v. *Terrell,* 123 *Ga.* 49 (51 S. E. 81); *Tyler* v. *Theilig,* 124 *Ga.* 204 (52 S. E. 606); *Maynard* v. *Greer,* 129 *Ga.* 709 (59 S. E. 798); *Greer* v. *Pate,* 85 *Ga.* 552 (11 S. E. 869); *Matthews* v. *Hudson,* 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305); 16 Cyc. 602; 21 C. J. 922, § 18 (b), and note.

But it is argued by learned counsel for the plaintiff in error, that under the deed under review the following estates were created: (1) A base or conditional fee in Miss Malinda Hargrove. (2) A contingent remainder in her brothers and sisters, the contingency as to each brother or sister being that he or she should survive Miss Malinda Hargrove; and that if Miss Malinda Hargrove died leaving no children, this constituted a double contingency. (3) An expectancy, or an even more contingent remainder in favor of the children of these brothers and sisters, conditioned on Miss Malinda Hargrove dying childless, that the parent of the particular child should die before Miss Malinda died, and that the particular child himself should survive his parent, and should also survive Miss Malinda. It is insisted that when Claude B. Hargrove, who was one of the grandchildren of the grantor, on April 29, 1905, conveyed a one-third interest in the land to the plaintiff's predecessor in title, he had nothing to convey " except a bare possibility;" that at that time his father, who was one of the children of the

grantor, was dead, and hence Claude B. Hargrove's expectancy had been relieved of two of the contingencies on which his estate was conditioned (numbered 2 and 3 above), but that the others still existed, viz., that Miss Malinda should die childless and that he should survive her; that "he did not have a present right to the future benefit;" that Miss Malinda did die childless, but Claude did not survive her; that he died before she died, and hence one of the contingencies on which the expectancy was to come to pass failed, and no estate ever vested in him. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643), is cited to sustain the above contention. Also *Curles* v. *Wade,* 151 *Ga.* 142 (106 S. E. 1).

I have set out the contentions of counsel for the plaintiff in error at some length, on account of the earnestness with which they argue them. But with the conclusions reached by them I can not agree. The cases cited by counsel are distinguishable from the present case. In the *Crawley* case this court held that "In a devise to A for life, with remainder to his children as a class, a grandchild of A, whose parent died before the death of testator, can not share in the remainder with the only child of the life-tenant, who was in esse when the title to the remainder vested at the testator's death, and at the time of the vesting of such estate in possession at the life-tenant's death." The distinction between that case and the present is apparent. All of the children and grandchildren in the present case were in life when the deed was executed, and all of them survived the grantor, and no other children or grandchildren were subsequently born. Neither is the case of *Curles* v. *Wade* supra, in point. The facts of that case are different from those of the present case. This court held, in the *Curles* case, that the intervenors (certain nieces and nephews) did not have a vested interest in the property under the will. But in the instant case there were both children and grandchildren in life at the time of the execution of the deed and at the death of the grantor, and there was no possibility of other grandchildren when Claude Hargrove executed his deed to West.

A case somewhat like the present is that of *Schley* v. *Williamson,* 153 *Ga.* 245 (supra), where it was stated and held by this court that "A testator executed a will in 1874, and died in the same year, having bequeathed and devised, by item 1 thereof, all of his estate, real, personal, and mixed, in trust for his wife and daughter, ' dur-

ing the life of my said wife, the income to be equally divided between them, share and share alike, and in case my said wife shall depart this life leaving my said daughter her surviving and unmarried, then the whole of the income of my said estate to go to my said daughter while she continues unmarried; and at and after her death, still being unmarried, then the whole of my said property to be equally divided between my sons, share and share alike, the child or children of a deceased son to take the share to which the parent would have been entitled, if in life, to them and their heirs forever." By item 3 of his will testator provided that " if my daughter shall marry after the death of my said wife, then I direct that my estate be equally divided, and that one half shall be turned over to my said daughter in her own right and to her sole and separate use absolutely in fee simple, and that the other half be equally divided between my sons, share and share alike, the child or children of a deceased son to take the share to which the parent would have been entitled if in life, to them and their heirs forever." The wife and then the daughter died subsequently to the death of the testator, both unmarried. The five sons of the testator were living at the death of the testator. *Held,* that testator's wife and daughter took a life-estate as provided in the will, and the sons (five) took a vested remainder in one half of the estate, subject to take the whole estate upon the daughter dying unmarried. . . The court erred in construing the will as conveying contingent remainders to the five sons at testator's death, instead of vested remainders as held in the first headnote; and also in other rulings based upon the theory that the will conveyed contingent remainders."

In the instant case, after the death of Miss Hargrove, under the terms of the deed " the above-described property shall revert or go back into the possession of my other children;" that is, to the two brothers and one sister of Miss Hargrove, who were in life at the time of the execution and delivery of the deed, and who at that time had living children. But, at the time of the death of Miss Hargrove, the " other children " of the grantor had died, and the grantor had also died leaving no other children. The deed further provided that " in case of their death [the ' other children ' of grantor], then to their children, share and share alike." All the " other children " of the grantor having died before the first gran-

tee, Miss Hargrove, I think it is clear from the terms of the deed that their interest in the estate terminated, and that their children did not, or could not, inherit any portion of the land conveyed *from them.* But, on the death of the grantor's " other children," her *grandchildren* became substituted as remaindermen in the place of their parents. Had the grantor's " other children " survived the grantee, Miss Hargrove, they would have had, under the deed, a vested remainder. I am of the opinion that the grant to the " other children " of the grantor was a gift to a class. *Martin* v. *Trustees,* 98 *Ga.* 320 (25 S. E. 522). And this vested remainder to this class was subject to be divested as to any one or more of grantor's children who died before the vesting of possession on the death of Miss Hargrove, or upon her dying leaving children. *Cooper* v. *Mitchell Inv. Co.,* 133 *Ga.* 769, 776 (66 S. E. 1090, 29 L. R. A. (N. S.) 291). "There are two vestings of a vested remainder, viz., one of the title, and the other of the estate in possession, each of which is important in fixing the devolution of the title to such remainder." *Crawley* v. *Kendrick,* 122 *Ga.* 183, 184 (supra) ; *Speer* v. *Roach,* 145 *Ga.* 852 (90 S. E. 57), 854 last paragraph; Civil Code (1910), § 3680; 40 Cyc. 1475 E 1; 2 Washburn, Real Prop. § 1541. I am of the opinion, therefore, that on the date of the deed and of its delivery the title to the remainder interest in the land in controversy vested in the " other children " (who were then in life), subject to be divested should they die before the death of the first grantee; and as two of them did die before the first grantee (Miss Hargrove) died, " their children " were substituted in their stead. It appears from the record that " their children," who were living at the time of the delivery of the grantor's deed, were Mrs. Thomas, C. M. Fort, and Claude B. Hargrove. All of these children were living when all of the class first mentioned died; and when all of the brothers and sisters of Miss Malinda Hargrove died, the class next mentioned, that is, the grandchildren who were in life, became substituted for the class first mentioned. All of the parents of the class last mentioned being dead at the time the title vested in them, there was no possibility of other grandchildren of the grantor being born. Compare *Williams* v. *Frierson,* 150 *Ga.* 797 (105 S. E. 475). It follows that Mrs. Thomas, C. M. Fort, and Claude B. Hargrove, who composed the second class (grandchildren), took as substituted remainder-

men, with the vesting of the estate in *possession* postponed until the death of Miss Malinda Hargrove without children. The title which this second class took was subject to be sold by them (Tiedeman on Real Property (3d ed.), § 297), and consequently a purchaser from them would take such title subject to its being defeated by the birth of children to the grantee, Miss Hargrove. *Schley* v. *Williamson,* supra.

It will be observed from reading the clause of the deed quoted above that the second or latter class were given the property " share and share alike," which was not done in the case of those of the first class. Each one of the second class, therefore, took a fixed and definite share; and there being three of this second class in life, each one took a one-third vested interest in the land in controversy; and I am of the opinion that these shares could be sold by them, subject to the conditions pointed out above. A deed from either of them to a purchaser would convey his or her interest, and his or her heirs surviving them would have no interest in the property conveyed.

From the foregoing I reach the conclusion that Mrs. Wall, the plaintiff in the court below, who holds under one of the grandchildren, Claude Hargrove, designated as of the second class, had a one-third undivided interest in the property, and, on the death of Miss Malinda Hargrove without children, was entitled to the possession of the same. It follows that the petition in this case sets out a good cause of action for the recovery by the plaintiff of one-third interest in the property conveyed by the grantor, and that the court did not err in overruling the demurrer. It also follows, under the facts of this case, that the defendant in the court below is entitled to only two thirds of the land in controversy. Compare *Schley* v. *Williamson,* supra, and authorities cited; Civil Code, (1910), § 3716; *Brown* v. *Lane,* 147 *Ga.* 1 (92 S. E. 517); *Nottingham* v. *McKelvey,* 149 *Ga.* 463 (100 S. E. 371).