TODD *v.* WILLIFORD *et al.*

No. 7303.   December 11, 1929.

544

548

*J. E. Pottle* and *E. P. & J. Cecil Davis,* for plaintiff.

*J. P. Wilhoit* and *M. L. Felts,* for defendants.

GILBERT, J.   1.   The court did not err in sustaining the special demurrers to the petition.

2.   Under the deed of J. A. Todd to his wife, Narcissa J., and his daughter, Levanah Pearl, the grantees took a qualified or base fee, the title of each being defeasible on dying before the death of the other grantee; that is, the survivor of the two took the interest of both in fee simple.   *Curles* v. *Wade,* 151 *Ga.* 142 (106 S. E. 1), and cit.; *Dean* v. *Wall,* 154 *Ga.* 637 (115 S. E. 78).

3. .Each of the grantees, under the deed, took a certain and vested interest for life and a contingent interest thereafter, the contingency depending upon survivorship; and therefore the contingency is not as to the person, but as to the event.   Such a contingent interest is devisable and assignable.   *Morse* v. *Proper,* 82 *Ga.* 13 (8 S. E. 625); *Collins* v. *Smith,* 105 *Ga.* 525 (31 S. E. 449); *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); see also *Slappey* v. *Vining,* 150 *Ga.* 792 (105 S. E. 353); *Bradshaw* v. *Estill,* 157 *Ga.* 171, 179 (121 S. E. 385).

4.   The Civil Code (1910), § 4117, declares:   "A bare contingency or possibility can not be the subject of sale, unless there exists a present right in the person selling, to a future benefit; so a contract for the sale of goods to be delivered at a future day, where both parties are aware that the seller expects to purchase himself to fulfill his contract, and no skill and labor or expense enters into the consideration, but the same is a pure speculation upon changes, is contrary to the policy of the law, and can be enforced by neither party."   The provision that "a bare contingency or possibility can not be the subject of sale, unless there exists a present right in the person selling, to a future benefit," does not apply to the sale of an interest in real estate where there is a contingent interest, the contingency being as to the event and not as to the person, as in this case.   For a case where there was an attempt to convey a bare possibility, see *Daily* v. *Springfield,* 144 *Ga.* 395 (87 S. E. 479, Ann. Cas. 1917D, 943).

5.   Where one executes a warranty deed to another, purporting to convey title to property when the grantor owns no interest in the property described in the conveyance, but subsequently does acquire an interest, the subsequently acquired interest immediately

inures to the benefit of the grantee in his deed. Whether or not Narcissa J. Todd owned any salable interest in the land described in her deed to Levanah Pearl, on the death of the latter, whatever interest, if any, she subsequently acquired immediately inured to the heirs of Levanah Pearl, and not to Narcissa J. It follows that the deed from Narcissa J. to her son, J. N. Todd, was ineffectual to convey any title possessed by Narcissa J. Todd either before or after the execution of the latter's deed to her daughter, Levanah Pearl. *Northington-Munger-Pratt Co.* v. *Farmers Gin &c. Co.*, 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210) ; *Isler* v. *Griffin*, 134 *Ga.* 192 (4) (67 S. E. 854).

6. Construing the deed of Narcissa J. Todd to her daughter, Levanah Pearl, as a whole, it was sufficient to convey her entire interest in the land, both present and contingent. In one clause the deed recited that it sold and conveyed "all of her one-half undivided interest" in the land, but in the same conveyance the deed also recited the following : "It is the intention of this paper to convey all of the property described herein to the party of the second part, the title to pass immediately," but reserving the enjoyment of certain possession and uses during the natural life of the grantor. As stated above, if any doubt exists as to the soundness of this ruling, the grantor in that deed, for herself and her heirs and assigns, is estopped from claiming any interest in the property.

7. The evidence authorized a finding by the jury that J. N. Todd, plaintiff in error, had notice of the deed from Narcissa J. to Levanah Pearl Todd, and also of its contents. Admittedly he was an attesting witness.

8. The jury was also authorized to find, as set up by the defendants, that after the death of the father, J. A. Todd, all of the children, including plaintiff, in order to dispense with an administration of the estate of the deceased, and to distribute his property amicably, held a meeting and entered into an agreement and contract setting apart to each child a portion of the estate, and that the land in the present controversy, which had previously been conveyed by deed from J. A. Todd to his wife Narcissa and his daughter Levanah Pearl, was to be the property of Levanah Pearl. Such an agreement and contract rested upon a valuable consideration; that is, a family settlement. *Broderick* v. *Reid*, 164 *Ga.* 474, 482 (139 S. E. 18).

9. Applying the foregoing principles, the verdict for the defendants was supported by evidence. None of the special grounds of the motion for a new trial show error. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*