DERRICK *v.* SAMS, administrator.

1. Where land was described in a mortgage as parts of certain specified lots in a designated land district of a given county, "it being the land purchased by J. L. Henson from J. E. Derrick," the description as a whole was not so totally defective and uncertain as to render the mortgage inadmissible in evidence upon the trial of a rule for its foreclosure; and it was competent to identify by parol evidence the land covered by the mortgage.

2. That the land so covered had been set apart to the widow of the mortgagor as a year's support, over objections filed by the mortgagee, constituted no defense to the foreclosure of the mortgage.

Upon a levy of the mortgage *fi. fa.* on the land in question, a very different question would arise.

3. In a mortgage foreclosure proceeding there was no error in refusing to strike so much of a plea filed by the administrator of the deceased mortgagor as alleged that the latter at the time of executing the mortgage " was very old and sick and unable to sign his name . . but made his mark, that he was heavily under the influence of opiates and at the time was in a comatose state . . and was wholly unable to make any sort of contract," and also that the mortgagor was unable to read the contract, that it was never read over to nor understood by him, and that if the same had been read to him he could not have understood it.

May 4, 1896.  Argued at the last term.

Foreclosure of mortgages.  Before Judge Kimsey.  Rabun superior court.  February term, 1895.

*W. S. Paris* and *R. E. A. Hamby,* for plaintiff.
*W. T. Crane,* for defendant.

SIMMONS, Chief Justice.

1.  Derrick sought to foreclose certain mortgages purporting to have been given by Sams, and the administrator of Sams filed a plea in resistance to the proceeding.  On the trial of the case the court, upon objection by counsel for the defendant, excluded the mortgages, on the ground that the description therein of the land mortgaged was insufficient, and refused to receive parol evidence offered to further identify the land.  The description of the land was:  "Parts of lots of land Nos. 22 and 38 in the 5th land district of Rabun county, Ga., it being the land purchased by J. L. Henson of J. E. Derrick."  We do not think this description, as a whole, was so totally defective and uncertain as to render the mortgages inadmissible in evidence.  It is not essential that the description should completely identify the land.  A description should not, as a matter of law, be treated as insufficient if it furnishes the means of identification.  The description above quoted does this.  It gives the State, county, and district in which the land is situated, and the numbers of the lots, and says

that it is "the land purchased by J. L. Henson of J. E. Derrick." By the aid of the parol testimony offered by the plaintiff, the land could easily have been identified and its boundaries ascertained, so that the judgment of foreclosure might fully describe it. The description being ambiguous without the aid of such testimony, the testimony offered was clearly admissible to explain the ambiguity. See *Shore* v. *Miller*, 80 *Ga.* 93, where the description was similar to the one in question here. See also *Jennings* v. *Bank*, 74 *Ga.* 787, 788, and cases cited; *Parler* v. *Johnson*, 81 *Ga.* 255; *Wiggins* v. *Gillette*, 93 *Ga.* 23; *Broach* v. *O'Neal*, 94 *Ga.* 475(3).

2. One of the defenses set up by the administrator was that the land in question had been set apart by the court of ordinary as a twelve months support for the widow and children of the intestate, over objections filed by the mortgagee, and that the mortgagee was thereby concluded and his right to foreclose the mortgage barred. This plea was demurred to, and the demurrer overruled. We think the demurrer should have been sustained. The fact that the plaintiff appeared in the court of ordinary and objected to the setting apart of the land as a year's support does not estop him from obtaining a judgment against the estate of the mortgagor or against the land. He had a lien on the land, and was entitled to a judgment setting up that lien. If he should undertake to enforce the judgment by levying upon the land, he might then be met by the judgment of the ordinary setting apart the land as a year's support.

3. Another of the pleas filed by the administrator alleged that the intestate, at the time of executing the mortgages, "was very old and sick and unable to sign his name . . . but made his mark, that he was heavily under the influence of opiates and at the time was in a comatose state . . . and was wholly unable to make any sort of contract," also that the mortgagor was unable to read the contract, that it was never read over to nor understood by him, and that if

the same had been read to him he could not have understood it. We think it was clearly not error to refuse to strike this plea. If the allegations contained therein are true, no court would hold that the mortgages were valid contracts.                        *Judgment reversed.*