### ALLEN v. ALLEN.

ATKINSON, J. Thompson Allen died intestate in 1875, leaving an estate consisting of realty and personalty. Among the heirs of the deceased were the widow, Mary W. Allen, and a son, J. D. Allen. In 1893 J. D. Allen wrote and signed a paper (not under seal) attested by one witness, which, omitting formal parts, was as follows: "To whom it may concern: I hereby certify that, on account of the love and affection I bore my mother, shortly after my father's death in the year 1875 I signed away to her my rights to any interests in the estate of my father; and I further certify that I have neither right nor title to, claim or interest in, the said estate, further than a verbal assurance from my mother that I could always have a home as long as I should choose to live upon any portion of said estate. I now by special permission reside upon the 'mill tract'—pay the taxes upon it as agent in charge for the use thereof." The paper was recorded as a deed in 1904 and again in 1906. The widow, being the person referred to in the paper as the mother of the maker, died in 1912, and the paper was found in a "deed box" among her papers. No other paper was found purporting to be a deed by J. D. Allen, conveying his interest in the estate. There was a deed dated December, 1875, in which J. D. Allen joined the other heirs in conveying their interests in the estate of Thompson Allen to their mother for and during her life. J. D. Allen died in August, 1896. Subsequently, in a proceeding against the administrator of the estate of Thompson Allen for an accounting and distribution, to which all of the heirs of Thompson Allen except one were parties,

T. D. Allen, claiming as sole heir of J. D. Allen, set up a claim to a distributive share of the estate. The administrator and the other heirs produced the paper signed by J. D. Allen (quoted above), for the purpose of showing that J. D. Allen had conveyed his interest in the estate of Thompson Allen to his mother,. and that when he died he left no interest in that estate which could descend to his heirs. The paper was attacked as void for uncertainty as to description of the property, for indefiniteness as to covenants, and as ineffective for any purpose; and on such grounds its admission in evidence was resisted. It was further contended that if the paper amounted to anything, it should be held to refer to a life-estate only, as set out in the deed, already mentioned, from the several children of Thompson Allen, including J. D. Allen, to their mother. Certain evidence was also admitted, over objection, as declarations by the widow while in possession, to the effect that J. D. Allen's share in the estate was hers, and declarations by J. D. Allen to the same effect. The case was submitted to the judge, by consent, to be tried without a jury. The evidence objected to was admitted, and judgment was rendered for defendant, which, in effect, declared that T. D. Allen had no interest in the estate. Held:

1. The paper was sufficiently definite as to description of the property (Butrick v. Tilton, 141 Mass. 93, 6 N. E. 553 (3); Harriss v. Howard, 126 Ga. 325, 55 S. E. 59; Derrick v. Sams, 98 Ga. 397, 25 S. E. 509, 58 Am. St. R. 309; Brice v. Sheffield, 118 Ga. 128, 44. S. E. 843), and its terms were broad enough to comprehend all interest the maker had in the estate of his deceased father.

2. The paper did not contain any words of conveyance; and whether or not it was sufficient as a conveyance, it was sufficient to estop the maker, as against the administrator and the other heirs, from denying that he had conveyed his interest in his father's estate to his mother, as recited in the paper. McCleskey v. Leadbetter, 1 Ga. 551, 557; Coldwell Co. v. Cowart, 138 Ga. 233, 237 (75 S. E. 425). The estoppel would also extend to plaintiff as a privy in estate to the maker. Harris v. Amoskeag Co., 101 Ga. 641-643 (29 S. E. 302).

3 There was no error in admitting the paper in evidence nor, in connection therewith, in admitting the declarations of the maker and of his mother, as before mentioned.

4. The evidence authorized the judgment for the defendant.

<em>Judgment affirmed. All the Justices concur.</em>

NOVEMBER 18, 1916.

Action for accounting, etc. Before Judge Brand. Banks superior court. January 12, 1916.

*J. J. & Sam Kimzey,* for plaintiff.

*W. A. Charters* and *H. H. Perry,* for defendant.