## BRADSHAW v. ESTILL et al.

1. It is not necessary to decide whether a contingent remainder in the legacy of Marion W. Estill as devised in the will of his father vested in Holbrook T. Estill by virtue of the provision of the codicil in his favor as contained in item three thereof. But conceding that under the terms of the codicil a contingent remainder in the legacy of Marion W. Estill vested in Holbrook T. Estill, the deed of assignment upon which the intervention of the plaintiff in error was based did not convey to her any interest in such contingent remainder, being especially confined by a precise description to "one half of my undivided interest as mentioned and described in the codicil," and the codicil only gave to Holbrook T. Estill "the remaining one half of said one sixth interest directed to be held by said bank in trust for his children."

2. The court correctly adjudged that the description in the deed of assignment, "an undivided half of all of the undivided interest and share of Holbrook T. Estill·as mentioned and described in the codicil," confined the grant to that portion of the interest of Holbrook T. Estill as is described in the codicil which had not been divided at the time of the execution of the deed of assignment, and did not include such interest in the estate of his father as he had already received.

3, 4. It was not error to dismiss the intervention upon the ground that the intervenor was not in any event entitled to have an accounting.

(a) The plaintiff in error waived her right to an accounting as to the one-half interest in the interest of Holbrook T. Estill as described in the codicil, by failing to except to the decree of the court in which every issue involved in the case was adjudicated and every fund in the hands of the trustee distributed except that arising from the legacy of Marion W. Estill. Necessarily therefore the issue in the trial now under review was confined, by the consent of the intervenor, to such rights as may have been acquired by her through purchase from Holbrook T. Estill in the legacy originally devised to Marion W. Estill.

(b) The court having held that she had no interest in this legacy, she had no right to ask an accounting. One who has never had any interest in the subject-matter of a suit has no right to ask an accounting for the gratification of mere curiosity.

5. The court did not err in dismissing the petition of· the intervenor.

No. 3660.  JANUARY 15, 1924.

Equitable petition; intervention. Before Judge Meldrim. Chatham superior court. February 12, 1923.

On February 14, 1916, the Citizens & Southern Bank filed a petition for interpleader and direction against Elizabeth Pate Estill as guardian of a minor, Marian Virginia Estill, and against said minor; and also named as parties defendant all of the heirs at law and legatees under the will of John Holbrook Estill, deceased, late of the county of Chatham. In this petition it was averred that John H. Estill, a citizen and resident of Chatham county,

died on November 9, 1907, leaving his last will and testament, dated August 28, 1906, and containing a codicil dated August 1, 1907, which had been duly probated, and a copy of which had been annexed to the petition, and that since the probate of the will the Citizens & Southern Bank has been discharging the trusts set forth in the eighth item of the will. Under the will it was provided that the petitioner should hold a one-sixth part of the estate of the testator (after payment of certain bequests mentioned) as trustee of a son of the testator, Marion W. Estill, to pay the income therefrom to said son during the term of his natural life, and at his death to apply said income to the support and education of his children, etc., but providing that if said son should depart this life leaving no child or issue of child surviving, then this one-sixth part should be equally divided between the distributees of the other five-sixths in the manner provided in the eighth item of said will. The bank's petition then proceeds to state that Marion W. Estill departed this life on December 27, 1915, and that it is claimed by Elizabeth Pate Estill that he left surviving him Marian Virginia Estill, who is the child of said Marion W., and who is entitled to receive through her guardian, for her support and education, the income heretofore paid to said Marion W. Estill; but that other parties, who, in the event Marion W. Estill left no child, would be entitled to the said one-sixth part heretofore held by the trustee for said Marion W. Estill, have notified the petitioner as trustee that said Marion left no child, and that Marian Virginia Estill is not the child of said Marion W. Estill, and the other distributees have refused to consent that petitioner recognize Marian Virginia as the child of Marion W. Estill. A statement of property held under the Marion W. Estill trust is then set forth in the petition, with a prayer that all the parties defendant be required to interplead, to the end that the question whether Marian Virginia Estill is the child of Marion W. Estill be adjudicated, and that the petitioner be directed by the order and decree of the court as to the distribution and use of the share of Marion W. Estill in the estate of his father, John H. Estill, as provided by the will of the latter.

The only item of the will material to the question in issue is as follows: "Item eighth. After the payment of the above-mentioned bequests, I direct my executors to pay to my son Holbrook

T. Estill the sum of one thousand dollars, and to my son James S. Estill the sum of one thousand dollars; and to distribute the rest and residue of my estate as follows, after having divided the same into six equal parts: To my wife, Maud Hill Estill, one sixth part. To my son, John H. Estill Jr., one sixth part. To the Citizens and Southern Bank of Savannah one sixth part; which it shall hold as trustee for the three children of my son Holbrook T. Estill, namely, Helen Estill, Clara Estill, and Stewart Anthony Estill, the interest therefrom to be applied to their support and education, and the principal to be equally divided between them when the youngest attains the age of twenty-one years. In the event of the death of either of said children during minority without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"To the Citizens and Southern Bank of Savannah one sixth part; which it shall hold as trustee for the children of my son James S. Estill born or to be born, the interest therefrom to be applied to their support and education, and the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"To the Citizens and Southern Bank of Savannah one sixth part; which it shall hold as trustee, upon the following uses and trusts, namely, to pay the income therefrom to my son Walter Estill during the term of his natural life, for the support of himself and the support and education of his children, and after his death said income to be applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"And to the Citizens and Southern Bank of Savannah one sixth part; which it shall hold as trustee, upon the following uses and trusts, namely, to pay the income therefrom to my son Marion·W.

Estill during the term of his natural life, for the support of himself and the support and education of his children should he leave any, and after his death said income to be applied to the support and education of his children, the principal to be equally divided between them when the youngest child attains the age of twenty-one years. In the event of the death of either of said children during minority and without leaving issue, the share of the one so dying shall go to the survivor or survivors, children of a deceased child to represent the parent.

"If, however, my son Marion W. Estill should depart this life leaving no child or issue of a child him surviving, then the one sixth part shall be equally distributed between the distributees of the other five sixths in the manner provided in this item."

On October 1, 1907, John H. Estill executed a codicil to the will executed by him on August 28, 1906, which effected no change in the original testament except as to the bequest to his son Holbrook T. Estill and to the children of this son. The contents of the codicil are as follows:

"Item first. I do hereby revoke so much of the eighth item of my said will as gives to my son Holbrook E. Estill the sum of one thousand dollars.

"Item second. I do hereby so change that portion of the eighth item of my said will as gives to the Citizens and Southern Bank of Savannah one sixth part of the residue of my estate to be held by said bank in trust for the children of my son Holbrook T. Estill, in such manner that one half of said one sixth part of the residue of my estate only shall be held by said bank in trust for said children of said Holbrook T. Estill in the manner stated in that portion of my said will.

"Item third. I do hereby give to my son Holbrook T. Estill the remaining one half of said one sixth, directed in that portion of my will to be held by said bank in trust for his children.

"Item fourth. Except as changed by this codicil I do hereby redeclare and confirm each and every item of my said will."

Three trials were had on the primal issue as to whether Marian Virginia Estill was the child of Marion W. Estill. Two juries returned verdicts that she was his child. The third trial resulted in a finding that she was not the child of this son of Colonel John H. Estill. This last trial was reviewed by this court (*Estill* v.

*Citizens and Southern Bank,* 153 *Ga.* 618, 113 S. E. 552), and the judgment of the lower court was affirmed; it thus being finally determined that Marion W. Estill left no child, and that under the provisions of the will of John H. Estill the devise to Marion W. Estill should be distributed in five shares in accordance with the terms of item eight of the will.

The intervention of the plaintiff in error, Mrs. Lulu Lindsley Bradshaw, was filed on July 17, 1922, and she was on her own motion a party in the cause when the superior court rendered a judgment on August 16, 1922, concluding the main case as to all of the parties except as to this intervenor and Holbrook T. Estill. In the decree provision is made for the disposition of the entire share or interest of Marion W. Estill, deceased, arising under the terms of the will of his father, except one tenth of the distributive share devised by the will to Marion W. Estill, which was decreed to be retained by the trustee until the intervention filed by Mrs. Lulu Lindsley Bradshaw and the claims of Messrs. Robert L. Colding and Lawrence and Abrahams, claiming liens, shall have been finally determined. The intervention of Mrs. Bradshaw sets up that she is the former wife of Holbrook T. Estill and the assignee of Holbrook T. Estill of an undivided one half of all the undivided interest and share of Holbrook T. Estill in the estate of John H. Estill, deceased, as mentioned and described in the codicil to the will of John H. Estill, and that the Citizens and Southern Bank is in possession of certain described property of the approximate value of $75,000, which represents the share of Marion W. Estill under the eighth item of the will of his father, which has been held by the Citizens and Southern Bank awaiting the determination of the above-stated case of the Citizens and Southern Bank *v.* Elizabeth Pate Estill, guardian, et al. The intervenor shows that this fund is now subject to be distributed to the parties entitled to receive the same, under the decision of the Supreme Court of Georgia in this case; and she alleges that by reason of the deed of assignment of Holbrook T. Estill, who "is entitled to receive one tenth of the funds in the hands of the Citizens and Southern Bank," she, "as assignee of the said Holbrook T. Estill, is justly and legally entitled to one half of the undivided interest and share of the said Holbrook T. Estill in and to the funds in this case." The deed of assignment from Holbrook T. Estill to the intervenor,

dated September 19, 1908, omitting the formal portions, sells, conveys, and assigns to the intervenor, "her heirs and assigns, an undivided half of all of the undivided interest and share of said Holbrook T. Estill in and to the estate of his father, . . as mentioned and described in the codicil dated October 1, 1907, to the will of the said John Holbrook Estill, dated August 28, 1906." In the fifth paragraph of the intervention it is alleged that the executor and executrix of the will of John Holbrook Estill "have recognized the intervenor as the legal assignee of the said one half undivided interest and share of the said Holbrook T. Estill in and to said estate, . . and have paid this intervenor certain sums of money, to wit, the sum of $4,995. In the sixth and seventh paragraphs it is alleged that the executor and executrix aforesaid paid Holbrook T. Estill certain mentioned sums of money on April 7, 1908, and on June 25, 1908, besides other money and property unknown to the intervenor, and that said executor and executrix have also advanced to or in behalf of said Holbrook T. Estill 150 shares of the capital stock of the Savannah Morning News, which has been charged against the undivided interest and share of the said Holbrook T. Estill. In the eighth paragraph the intervenor alleges that she has not participated in the aforesaid sums of money or stock, whereby Holbrook T. Estill has received more than he was entitled to receive, and the intervenor has received a lesser sum than that which she was legally entitled to receive, and because of that fact she is entitled to receive the entire amount of that now held to the credit of said Holbrook T. Estill. The prayers of the intervenor were: (*a*) that she be permitted to intervene; (*b*) that she be decreed the legal assignee of an undivided one-half interest of the share of Holbrook T. Estill in the estate of John Holbrook Estill; (*c*) that the Citizens and Southern Bank be directed to pay the intervenor the entire interest of Holbrook T. Estill in the funds now held by it; (*d*) that the executor and executrix be directed to pay the intervenor such an amount of the share of Holbrook T. Estill as will equalize the share received by Holbrook T. Estill and the intervenor; (*e*) that the Citizens and Southern Bank be directed to render to the intervenor an accurate and just account of the funds held by it; and (*f*) that the executor and executrix render a just and accurate account of the funds of said estate.

Holbrook T. Estill, on October 2, 1922, filed a motion to dismiss the intervention, and on February 2, 1923, amended this motion. The grounds of the motion to dismiss are as follows: (1) It affirmatively appears in the petition for intervention that Mrs. Lulu Lindsley Bradshaw has no interest in that certain portion of the estate of John H. Estill which is now the subject of this controversy. (2) It affirmatively appears in said petition that Holbrook T. Estill is entitled to the entire amount. coming to him by the decree entered in said case. (3) It affirmatively appears in the copy of the transfer attached to the petition for intervention that Holbrook T. Estill assigned, transferred, and sold unto Mrs. Lulu Lindsley Bradshaw an undivided interest and share of said Holbrook T. Estill in and to the estate of his father, John Holbrook Estill, as mentioned and described in the codicil to the will of John Holbrook Estill; that the fund now in controversy was never bequeathed to Holbrook T. Estill under the codicil of the will, but was a part of the eighth item thereof. (4) It does not appear what portion of Holbrook T. Estill's interest in the estate of John H. Estill was undivided at the time the transfer was made and executed on September 19, 1908. (5) It does not appear how much money has been paid out since the date of said transfer, nor what portion was paid to Holbrook T. Estill, nor what portion was paid to Lulu Lindsley Bradshaw. (6) Holbrook T. Estill insists that it does not appear in said intervention how and in what manner Lulu Lindsley Bradshaw is entitled to the entire amount coming to him, or any other sum, by virtue of the proceedings in Chatham superior court, upon which the intervention in said case was filed. (7) Holbrook T. Estill insists that he is entitled to recover the entire amount of the fund coming to him under said litigation, and which is now being held by the Citizens and Southern Bank as trustee. (8) The assignment is clear and unambiguous, and the transfer to Mrs. Lulu Lindsley Estill of an undivided half of the undivided interest and share of Holbrook T. Estill in and to the estate of his father, as mentioned and described in the codicil dated October 1, 1907, cannot possibly relate to any portion of the estate that had been divided at the time of the transfer, and, furthermore, could have no possible reference to the fund raised in the present litigation, which is now in the hands of the Citizens & Southern Bank as trustee, and could not attempt to convey any

property rights other than those specifically mentioned in item 3 of the codicil in said will.

The amendment to the motion to dismiss the intervention sets forth the following grounds: (1) At the time of the execution of the transfer of Holbrook T. Estill to Mrs. Lulu Lindsley Estill (now Bradshaw), Holbrook T. Estill had no title to the fund now in controversy, which was brought into court by reason of the proceedings filed in this case. (2) At the time of said transfer Marion William Estill was then in life, and the title to that portion of the estate left under the eighth item of the will to the Citizens & Southern Bank as trustee, for the account of said Marion William Estill, was held by said bank as such trustee, the title thereto being in the bank as trustee to pay the income and profits therefrom to Marion William Estill for and during the term of his natural life, and upon his death to his child or children, should he leave any, and in the event he left no children, then to the other legatees under the will of John Holbrook Estill. (3) That Holbrook T. Estill held no more interest in said property at the time of said transfer than a contingent remainder based upon a double contingency; that is to say, he was not entitled to any portion of the estate unless he survived his brother, Marion William Estill, and in addition thereto that Marion William Estill should die without children. (4) The only interest Holbrook T. Estill had in said estate at the time of said transfer was a mere contingency or possibility, which could not be made the subject of sale, as there existed in said Holbrook T. Estill, at said time, no present right to a future benefit. (5) That at the time of said transfer the remaindermen under the will of said John Holbrook Estill were unascertained and uncertain, and the legal title to the fund now in court should be considered as abiding in the trustee so long as the persons who are to take were not ascertainable, and at the time of said transfer the trust was executory.

The court dismissed the plaintiff's intervention, and to this judgment exception was taken.

*Oliver & Oliver*, for plaintiff in error.

*Adams & Adams, R. L. Golding, Lawrence & Abrahams,* and *T. P. Ravenel,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

1. Upon a review of the record as summarized in the foregoing

statement of facts, we find no error in the rulings of the lower court or in the final judgment to which exception is taken. The contentions of learned counsel for the plaintiff in error are supported by a large array of authorities, and the brief evidences a masterful presentation of the law of the case as the facts appear to the plaintiff in error. However, I am of the opinion that under the plain and proper construction of the contract or deed of assignment made to the plaintiff by her then husband, Holbrook T. Estill, the plaintiff, now Mrs. Bradshaw, took no interest whatever in the funds which were before the court for distribution at the time the judgment complained of was rendered. The exception is to the dismissal of Mrs. Bradshaw's intervention, filed at a time when there was nothing before the court except the matter of a proper distribution of the share of Holbrook T. Estill in the estate of Marion W. Estill. If Mrs. Bradshaw did not buy the contingent interest of Holbrook T. Estill in the devise to Marion W. Estill as set forth in the eighth item of the will of John H. Estill, then there could neither be a judgment in her favor as to any portion of the funds accruing to Holbrook T. Estill from that source, nor was she entitled to an accounting as to this. The plaintiff in error strongly insists that she bought one half of whatever interest Holbrook T. Estill had or might ever acquire arising from the will of John H. Estill, deceased. The effect of the decision of the lower court was to hold that Mrs. Bradshaw did not buy any part of the contingent interest of Holbrook T. Estill in the legacy allotted to Marion W. Estill. The only real question in this case, therefore, is, what did Holbrook T. Estill convey to his wife, Lulu Lindsley Estill (now Bradshaw)?

It may be that the contingent remainder in the legacy of Marion W. Estill, vesting upon his death without children in Holbrook T. Estill, could have been conveyed by deed. Civil Code, §§ 3676, 3677; *Morse* v. *Proper,* 82 *Ga.* 13 (8 S. E. 625); *Collins* v. *Smith,* 105 *Ga.* 525 (31 S. E. 449); *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274); *Isler* v. *Griffin,* 134 *Ga.* 192 (67 S. E. 854). See also *Parker* v. *Jones,* 57 *Ga.* 204 (3); *Nathans* v. *Arkwright,* 66 *Ga.* 179; *Lathrop* v. *White,* 81 *Ga.* 29 (6 S. E. 834). It is also true, as insisted, that Holbrook T. Estill would be estopped to deny the deed or any term of the contract adverse to his

interest. Civil Code 1910, § 4189; *Isler* v. *Griffin,* supra; *Nathans* v. *Arkwright,* supra; *Allen* v. *Allen,* 146 *Ga.* 205 (91 S. E. 22); *Harris* v. *McDonald,* 152 *Ga.* 18, 28 (108 S. E. 448). The contract itself, construing the words in their ordinary significance, must determine what Holbrook T. Estill sold and what the plaintiff in error bought. The deed says that this was "an undivided half of all the undivided interest and share of Holbrook T. Estill in and to the estate of his father, John H. Estill, deceased, late of the City of Savannah, County of Chatham, State of Georgia, as *mentioned and described* in the codicil dated October 1, 1907, to the will of the said John H. Estill dated August 28, 1906." It is perfectly plain from this writing that no part of any interest Holbrook T. Estill had at that time in the estate of his father was conveyed except such "as mentioned and described in the codicil." We necessarily look then to the codicil to ascertain the definitely described subject of the conveyance. The property sold cannot include anything in excess of the description. A landowner, though possessed of many tracts of land, cannot be held, even by a very loose and general description, to have conveyed all of his land merely because he has not fully described a particular tract intended to be conveyed. What Holbrook T. Estill sold his wife is that mentioned in the codicil, and no more. In the first item of the codicil the testator revoked the portion of the eighth item of the will, by which he devised to Holbrook T. Estill the sum of $1,000. In the second item he changed that portion of the eighth item of the will which gave to the Citizens and Southern Bank as trustee for the children of Holbrook T. Estill one sixth of the residue of his estate, "in such manner that one half of said one-sixth part only shall be held by said bank in trust for said children." Item three of the codicil alone mentions and describes the interest or share of Holbrook T. Estill, and there is no other mention or description of this interest in the codicil, except "I do hereby give to my son Holbrook T. Estill the remaining one half of said one sixth directed to be held by said bank in trust for his children." Certainly as Holbrook T. Estill conveyed to his wife only what is mentioned and described in the codicil, he could not possibly have intended to convey any interest that might have resulted as a matter of law from the provisions of the will as to the one-sixth part devised to Marion W. Estill. If this had been the intention

of the parties, it could easily have been embraced by apt words of description in the conveyance or deed of assignment. It must be presumed that the words used express the intention of the parties. If it had been their intention, as now insisted by the plaintiff in error, to include in the conveyance all of the right to a one-half interest in whatever rights Holbrook T. Estill might have in the estate of his father or whatever rights that might accrue under the will by reason of the codicil, as now insisted, there might be room for argument, or it might be perfectly plain, that the construction placed upon the description that the estate actually conveyed in the assignment included all interest of any kind that Holbrook T. Estill had in the estate is correct. As is frequently the case in writings of all kinds, the contract between Holbrook T. Estill and his wife refers to the codicil for an accurate description of what is intended to be sold, and the conveyance must be by the precise terms of the description to which reference is made. The reliance upon the description referred to by consent makes it by reference a part of the contract. Similar instances can be found daily in deeds where there is in the instrument itself a rather meager description of the land sought to be conveyed, otherwise than by reference to a particular preceding conveyance already of record, to which particular and especial reference is made; and yet we apprehend that such a deed could not be held void for want of proper description, and that it would be held that the conveyance included exactly, neither more nor less than, the property described in the writing to which reference was made. The plaintiff bought nothing more nor less than the one-half interest of Holbrook T. Estill in the one-sixth distributive share which had by the will of his father originally been devised to the three children of Holbrook T. Estill; and even if Estill could lawfully have sold his wife more than he did, to wit, the contingent remainder which might accrue or inure to him should his brother Marion die childless, it plainly appears that he did not do so.

2. It is insisted in the intervention that the trustee, the Citizens and Southern Bank, had made certain payments to Holbrook T. Estill which were the property of the plaintiff in error, which amounted to more than his half of his undivided interest in his father's estate as described in the codicil, in that the trustee had turned over to him certain money and $15,000 worth of stock;

and there is a prayer that the remainder of the distributive interest or share of Holbrook T. Estill be paid over to the intervenor. I am of the opinion that the words "an undivided half of all the *undivided* interest and share of Holbrook T. Estill, . . as mentioned and described in the codicil," are confined to such portion of the interest of Holbrook T. Estill, as described in the codicil, which was *undivided* at the time of the execution of the deed of assignment to his wife. It cannot be presumed from the use of the words "undivided interest" that the grantor referred to funds already divided and of which he had received his part. To my mind the use of the word "undivided" clearly confines the grant in the contract to such portion of John H. Estill's estate in which Holbrook T. Estill was interested as was "undivided" at the time of his deed to his wife. This contract was made on September 19, 1908, and it appears from the record the payment in cash had already been made three months before Holbrook T. Estill entered into the contract. It cannot be presumed that he intended to create a 'liability against himself for the money which had been charged against his interest but which in fact had been paid to Annie T. Estill. If there is doubt as to when the stock was delivered (as the money was paid) before Holbrook T. Estill executed the conveyance to the plaintiff in error, the doubt must be resolved against the pleader; and it is not alleged in the intervention that this stock was transferred by the trustee after the conveyance, and hence it must be presumed that it had been delivered to him before the execution of that instrument, and that for that reason he did not convey one half of his interest and share, but only one half of his "undivided" interest and share. From the verbiage of the intervention and the language of the conveyance it must be assumed that Holbrook T. Estill only intended to convey to his wife a one-half interest in such portion of his interest in the estate of his father as was "undivided" at the time of the execution of the contract.

3. There is another reason why the intervention could not include the payment made prior to the execution of the deed or contract between the parties. It appears from the record that the plaintiff in error was a party defendant in the cause at the time the court entered a decree that disposed of all of the questions in the case and adjudicated all issues except the construction of the

contract involved in this case, as affecting the right of the plaintiff to an interest in the contingent remainder in the legacy of Marion W. Estill. All of the rights of the plaintiff arising either under the will or under the codicil to the will of John H. Estill were involved in that adjudication. No exception was taken to this judgment; and under well-settled rules it is now too late to raise any question as to any rights the plaintiff in error may have that depend upon a construction of her contract with Holbrook T. Estill, except as to his contingent remainder in the devise to Marion W. Estill.

4. It is insisted by the plaintiff in error that in any event she was entitled to the right of an accounting, which the decree of the chancellor denied. I think the chancellor was right. There could be no accounting as to the interest of Holbrook T. Estill in the estate of his father which was undoubtedly conveyed by the contract of September 19, 1908, because by silently assenting to the decree of August 16, 1922, the plaintiff in error waived an accounting as to that. The plaintiff in error had no right to an accounting as to the interest of Holbrook T. Estill which depended upon the contingency of Marion W. Estill dying without children, because, as decreed (and for the reasons hereinbefore stated, correctly), she had not purchased that interest. One who has never had any interest in a fund which is before the court for distribution has no right, either legal or equitable, to an accounting.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*