## 19265. ISON *v.* TRAVIS.

Argued February 14, 1956—Decided April 9, 1956.

336

*S. B. Wallace*, for plaintiff in error.

*W. H. Beck, Jr., Beck, Goddard & Smalley*, contra.

WYATT, Presiding Justice. 1. The first ground of the motion to set aside the judgment of the court below is that judgment was rendered before the demurrers were disposed of, and said demurrers are still undisposed of. There is no merit in this contention. Under the stipulation entered into between the parties, the only question for determination was whether or not a certain instrument was a valid release or conveyance of the interest of R. S. Ison in the estate of F. M. Ison. There was no reservation with reference to the demurrers. The court below decided the question which was stipulated by the parties to be the sole question for determination, and no other question was before the court.

2. It is next contended that the judgment of the court below should be set aside because "the written agreement as provided by law was not entered into before a trial before the court." It is not clear just what "written agreement as provided by law" is referred to. In his brief, the plaintiff in error refers to the written agreement provided in Code (Ann.) § 110-1103. However, an

examination of that section will reveal no reference to any written agreement. Code (Ann.) § 110-1104 does refer to a written agreement, which is required if the proceeding is to be tried earlier than twenty days after service. This provision is not applicable to the instant case because the record shows that the proceeding was tried more than twenty days after service. There is no merit in this contention.

3. The last ground of the motion to set aside the judgment contends that no evidence was submitted to the court upon which to base the judgment rendered. The record in this case discloses that the only evidence introduced or sought to be introduced was the deed itself. The deed reads as follows: "Know all men hereby that I, R. S. Ison, do acknowledge receipt of and payment by W. L. Ison, M. E. Ison, S. S. Ison, K. L. Ison, and R. Z. Ison, said payment being made by R. Z. Ison as evidenced by a certain deed to him this day executed by me and my interest therein being surrendered and sold to him—of my interest in full in the estate of my father, F. M. Ison, late of said County, deceased, and unto them and unto the said R. Z. Ison as is by said deed conveyed. I Quit Claim and surrender all other and any interest right and title I may now have in and to any part of my said father's estate."

Under the rulings made in *Allen* v. *Allen*, 146 *Ga.* 204 (91 S. E. 22), the deed above set out is sufficient to either convey whatever interest the maker had in the estate of his father or to estop the maker and those who are privies in estate with the maker to deny that the interest was conveyed. There is no merit in this contention.

It follows from what has been said above, the judgment of the court below denying the motion to set aside the judgment was not error.

*Judgment affirmed. All the Justices concur.*