### 28155. RAY v. RAY et al.

ARGUED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 8, 1973.

*Harold Karp,* for appellant.
*P. J. McCutchen, Edgar L. Jenkins,* for appellees.

GRICE, Presiding Justice. The decisive issue here is whether an heir was estopped from claiming an interest in the estate.

This issue arose in a complaint charging waste and mismanagement filed by Truman L. Ray in the Superior Court of Gilmer County against Everett B. Ray as executor of the will of their father, James A. Ray, and two other persons later dropped as parties.

The action was terminated when the trial court denied the plaintiff's motion for partial summary judgment and granted the defendant's and the third-party defendant's motions for summary judgment, thereby dismissing the plaintiff's complaint.

The appeal is from that judgment.

The allegations of this complaint, insofar as necessary to recite for the purposes here, may be summarized as follows.

The plaintiff is an heir at law of James A. Ray, who died testate, naming Everett B. Ray as executor. His will was probated on July 11, 1944, in the Court of Ordinary of Gilmer County. The plaintiff is also interested in the estate as a devisee and distributee, a copy of the will being attached.

The will provided that "At the death of my said wife, or if she

should marry again, I will and direct that all of my real estate and personal property shall be sold by my executor hereinafter named after the expiration of 12 months from the death of my said wife or her remarriage, and the proceeds thereof shall be divided equally among my said children . . .."

The complaint also alleged that the executor sold at public auction certain real property which had belonged to James A. Ray, from which sale $73,500 remained in the estate; but that the attorney representing the defendant executor notified the plaintiff that he would not participate in the distribution since he had previously conveyed his interest in the estate.

The complaint further alleged that the defendant executor had been guilty of waste and mismanagement and that he refused to collect from Fred B. Ray an amount exceeding $5,000 from the sale of assets of the estate and he has retained this money for his own personal use.

The complaint charged that the failure to seek payment from Fred B. Ray constitutes a conspiracy between the defendant executor and Fred B. Ray to deprive the plaintiff of his rightful share in the estate; that the defendant executor has wrongfully refused to assent to the devise to the plaintiff of his share in the proceeds from said public sale; and that he has refused to give him a proper accounting.

The prayers of the complaint included construction as to distribution, and injunction against distribution unless the $5,500 claim was accounted for; and for general relief.

To the aforesaid complaint, the defendant executor's answer denied the essential allegations; also it recited that the sale of said property was prior to the death of the widow who received all proceeds therefrom; and that Fred B. Ray was not indebted to the estate in any amount.

He also urged that the plaintiff is estopped from claiming any interest whatsoever in the estate by virtue of a quitclaim deed executed as follows:

On August 7, 1964, Truman L. Ray executed a quitclaim deed to his wife Mary Lena Foster Ray, purporting to convey all of his right, title and interest in approximately 360 acres of land in Gilmer County, property passing under the will of James A. Ray constituting all the assets of the estate.

This property was also involved in several subsequent quitclaim deeds, to wit: on December 28, 1966, Mary Lena Foster Ray conveyed it to her daughter Hilda Jane Ray Hill Solomon; on

September 9, 1967, Hilda Jane Ray Hill Solomon conveyed it to Georgia Mobile Home Development Corporation; and on December 12, 1967, Georgia Mobile Home Development Corporation conveyed it to Fred B. Ray.

His answer further insisted that all money which he had on hand in the estate was received from the public sale of the said property; and that the plaintiff had divested himself of all interest in the proceeds and therefore had no interest in the funds now held by him as executor.

Subsequently, it was made to appear to the court that Fred B. Ray might be liable to the defendant Everett B. Ray for all or part of the claim asserted by the plaintiff and accordingly Fred B. Ray was made a third-party defendant. The third-party plaintiff demanded a judgment against the third-party defendant for any sum recovered against the defendant in favor of the plaintiff.

Thereupon Fred B. Ray, as third-party defendant, answered in material part that he was not indebted to the estate of James A. Ray; that the alleged indebtedness of $5,500 is barred by the statute of limitation; and that he incorporated therein all the defenses set up in the answer of the executor Everett B. Ray to the primary complaint.

The plaintiff then moved for a partial summary judgment against the defendant executor asserting in essence that the plaintiff did not assign his interest in the proceeds from the executor's public sale of the real estate.

The plaintiff submitted a supporting affidavit which, insofar as necessary to recount here was substantially as follows:

That the quitclaim deed which he executed to his wife was without consideration; that the quitclaim deeds referred to above were not intended to divest the plaintiff of the property; that the quitclaim deed from Hilda Jane Ray Hill Solomon to Georgia Mobile Home Development Corporation was actually a deed to secure debt, executed simultaneously with a promissory note to said corporation.

The defendant executor Everett B. Ray filed a response in opposition to the plaintiff's motion and prayed that he be granted a summary judgment, and also a partial summary judgment on that part of the complaint alleging that he had failed to collect all monies due the estate.

For support of this response he submitted an affidavit reciting substantially as follows: that during the lifetime of Mary Lena Foster Ray, she sold approximately $2,700 of growing timber; that

Fred B. Ray is not indebted to the estate in any amount; that in a previous suit filed by Hilda Jane Ray Hill Solomon and others, she sought to have the aforesaid quitclaim deed from Georgia Mobile Home Development Corporation to Fred B. Ray declared void and canceled as a cloud upon the plaintiff's title, but in said suit a judgment was rendered in favor of the defendant Fred B. Ray; that he was present at that trial when the plaintiff Truman L. Ray testified that he had conveyed all his interest in the property to his wife, and at no time did he disavow that he had made a valid conveyance to his wife.

Also, for the same purpose an affidavit was submitted by Fred B. Ray which in essential part was as follows: that at no time since the death of the widow had he sold any of the property of the estate of James A. Ray; that at no time during or after her death had he sold for his own benefit or converted to his own use any of the proceeds therefrom; that in the previous suit above referred to Truman L. Ray testified that he had conveyed all his interest therein to his wife.

Fred B. Ray, the third-party defendant, moved for a summary judgment in his behalf, supporting the same by the aforesaid affidavits. Also attached was a copy of the quitclaim deed from Georgia Mobile Home Development Corporation to Fred B. Ray above referred to.

At the conclusion of the foregoing proceedings relative to summary judgment the trial court on May 18, 1973, denied the motion of the plaintiff but granted the defendant's and third-party defendant's motions for summary judgment, thereby dismissing plaintiff's complaint.

This disposition, in our view, was correct.

Affidavits of the defendant and third-party defendant and the trial transcript of the previous suit filed by Hilda Jane Ray Hill Solomon to have the quitclaim deed from Georgia Mobile Home Development Corporation to Fred B. Ray declared void show that the plaintiff Truman L. Ray testified therein that he had disposed of his one-ninth interest in the property when he had a heart attack and the doctors thought he was going to die; that he deeded his interest in the property "outright" to his wife and she later deeded it "outright" to their daughter; and that at the time the daughter Hilda made her deed to Georgia Mobile Homes, she held whatever interest he originally had.

The plaintiff cannot now contend, in light of his sworn statements, that he had no interest in the land to convey at the

time he executed the quitclaim deed to his wife and thus should now share in the proceeds from the sale of this property. Whether this deed was effective under these circumstances to convey whatever interest he had in the estate is not necessary to decide here. Unquestionably it estopped him from denying that his interest was thereby conveyed. See in this connection *Allen v. Allen,* 146 Ga. 204 (2) (91 SE 22); *Bradshaw v. Estill,* 157 Ga. 171, 179 (121 SE 385); *Ison v. Travis,* 212 Ga. 335 (3) (92 SE2d 518).

Therefore the plaintiff was not entitled to the summary judgment which he sought and it was properly denied by the trial court.

Conversely, the defendant and the third-party defendant were entitled to the summary judgments which they sought. These motions were supported by affidavits contradicting and denying all the allegations of the plaintiff, who did not file counter-affidavits or present any evidence in contravention on the issue of mismanagement of the estate or other charges made against them.

Since there was no question of fact to be determined by the trial court in regard to these defendants, their motions for summary judgment were properly granted.

*Judgment affirmed. All the Justices concur.*