## 70292. GENERAL INFORMATION PROCESSING SYSTEMS, INC. et al. v. SWEENEY.
### (335 SE2d 722)

McMurray, Presiding Judge.

This is a shareholders derivative action against the president of a closely held corporation seeking an accounting. Plaintiff Scott, owner of 10% of the shares of General Information Processing Systems, Inc.,

alleged, individually and on behalf of the plaintiff corporation, that defendant Sweeney, president of the corporation and owner of 90% of the shares of the corporation, has failed to account for monies she received from the settlement of a lawsuit regarding patent rights to a computer program owned by the corporation. Plaintiffs appeal from a partial grant of summary judgment in favor of defendant. *Held*:

There is evidence that patent rights to the computer program were assigned to the plaintiff corporation by the deceased husband of defendant Sweeney. In connection with the settlement of the patent litigation defendant executed assignments of the patent rights and was paid consideration of $260,000 ($35,000 damage and $225,000 for purchase of rights to the computer program). Defendant executed the assignment and received the consideration in several capacities, including individually, as executrix of her husband's estate, and on behalf of the plaintiff corporation as its president.

Defendant contends that plaintiffs' claims are barred by the four-year statute of limitation set forth in OCGA § 14-2-153 (c). We note in this connection that the settlement agreement was executed August 31, 1979, and this action was filed on March 7, 1984. Plaintiffs counter that the running of the statute of limitation was tolled by the fraud of defendant in that the settlement and defendant's misappropriation of the funds were not discovered until after March 7, 1980.

Defendant as an officer of the plaintiff corporation occupies a fiduciary relationship to the corporation and its shareholders. *King Mfg. Co. v. Clay*, 216 Ga. 581, 585 (1) (118 SE2d 581); *Oliver v. Oliver*, 118 Ga. 362 (4) (45 SE 232); *Quinn v. Forsyth*, 116 Ga. App. 611, 617 (158 SE2d 686).

Due to the fiduciary relationship "the beneficiary . . . may rely implicitly, not only on what is said, but also on the supposition that nothing important will be left unsaid by the officer." *Oliver v. Oliver*, 118 Ga. 362, 371, supra. Here, plaintiffs' evidence shows that defendant failed to comply with her fiduciary duty by remaining silent as to the settlement of the litigation and any misappropriation, and that such breach of duty was not discovered until less than four years preceding filing of this action. Thus, the record presents a genuine issue of material fact as to whether the statute of limitation was tolled and as to whether the plaintiff corporation is entitled to the funds paid in connection with the settlement of the litigation concerning the computer program. *Union Circulation Co. v. Trust Co. Bank*, 143 Ga. App. 715, 720 (240 SE2d 100) (reversed on other grounds 241 Ga. 343 (245 SE2d 297)); *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244). The trial court erred in granting partial summary judgment in favor of defendant.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 3, 1985.

*D. Richard Jones III, Reagan W. Dean*, for appellants.
*Gail T. Joyner*, for appellee.