77359, 77360. MARSHALL v. W. E. MARSHALL COMPANY
et al.; and vice versa.
(376 SE2d 393)

BIRDSONG, Chief Judge.

Appellees/cross-appellants filed a motion for summary judgment on each of the nine counts of the complaint, and appellants/cross-appellees filed a motion for partial summary judgment upon the issue of corporate "waste and management" by W. E. Marshall, Jr. The trial judge ruled in favor of appellees/cross-appellants on their motion for summary judgment with respect to counts 1, 2, 3, 5, 7, and 8 of the complaint, and denied appellants/cross-appellees' motion for partial summary judgment.

This suit arises from the alleged acts and omissions of certain family members who at the time thereof were the corporate officers and directors of a family controlled close corporation. The defendant father, W. E. Marshall, Jr., is the majority shareholder. The nine counts of the complaint are summarized as follows: (a) Count I—breach of employment agreement and related agreements; (b) Count II—breach of fiduciary relationship by corporate officers and directors to plaintiff and other shareholders; and, corporate waste and mismanagement; (c) Count III—majority stockholder's breach of duty of fair and equitable treatment of minority stockholders; (d) Count IV—equitable relief, including inspection of records, accounting, appointment of receiver and liquidation of corporate assets; (e) Count V—breach of statutory duties under Employee Retirement Income

Security Act (ERISA) and of fiduciary duties by appellees in the management of the corporate deferred compensation plans; (f) Count VI—W. E. Marshall, Jr.'s wrongful conversion of certain shares of corporate stock of Steven E. Marshall; (g) Count VII—breach of agreement to sell corporate stock to Steven E. Marshall; (h) Count VIII—defamation and unfair competition; and (i) Count IX—attorney fees due to bad faith and stubborn litigiousness of appellees. *Held*:

## I. Main Appeal—Case No. 77359

1. Appellants Steven Marshall et al. complain that the trial court erred in awarding appellees summary judgment as to the breach of employment contract claim in Count I of the complaint. Certainly after appellant Steven E. Marshall completed his first year of employment, his continued employment under the alleged contract of employment was for an indefinite period. Compare *Fortenberry v. Haverty Furn. Cos.*, 176 Ga. App. 360 (1) (335 SE2d 460), cert. den.; *Floyd v. Lamar Ferrell Chevrolet*, 159 Ga. App. 756 (285 SE2d 218). An employment contract for an indefinite period is terminable at will. OCGA § 34-7-1; *Fortenberry*, supra at 361. Thus, any oral executory promises " 'could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' " *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (1) (356 SE2d 517), citing *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (2) (208 SE2d 583); *Buice v. Gulf Oil Corp.*, 172 Ga. App. 93 (1) (322 SE2d 103). Appellants' position is without merit. We will not reverse when the trial court makes the right ruling albeit for the wrong reason. *Reese Realty Co. v. Pal Realty Co.*, 182 Ga. App. 215 (2) (355 SE2d 125).

2. Appellants assert that the trial court erred in awarding summary judgment to appellees as to Counts II and III on the basis that appellants were required to pursue a shareholder's derivative action upon their claims of mismanagement and waste and breach of fiduciary duty. We agree. A derivative action is not required. The facts of this case fall within the exception recognized in *Thomas v. Dickson*, 250 Ga. 772, 774 (301 SE2d 49) and *Caswell v. Jordan*, 184 Ga. App. 755 (1) (362 SE2d 769), cert. den.

Appellees, however, contend in their cross-appeal that the trial court erred by failing to find that Steven E. Marshall was estopped from bringing and prosecuting Counts II and III. We disagree. It is well-recognized that "shareholders in a corporation who participate in the performance of an act, or who acquiesce and ratify the same, are estopped to complain thereof. . . ." *Pickett v. Paine*, 230 Ga. 786 (2) (199 SE2d 223); *Medlin v. Carpenter*, 174 Ga. App. 50 (2) (329 SE2d 159). This rule presupposes that any act or acquiescence is voluntary.

"The benefit of all reasonable inferences and all reasonable doubts must be given to the party opposing the motion for summary judgment." *Raccuglia v. Paine Webber, Inc.*, 180 Ga. App. 570, 572 (349 SE2d 803). For estoppel to govern this case, it must exist as a matter of law. " '(W)here the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel.' [Cit.] 'Estoppel is usually an issue of fact to be decided by the jury.' " *Eiberger v. West*, 247 Ga. 767 (1a) (281 SE2d 148); see *Bloodworth v. Bloodworth*, 225 Ga. 379 (1) (169 SE2d 150). We are satisfied that the issues of estoppel raised as to Counts II and III properly are matters to be decided by the jury. Cf., *Elwell v. Nesmith*, 246 Ga. 430 (2) (271 SE2d 827); *Bloodworth*, supra.

Appellees also assert that while officers and directors of a close corporation do have a duty to treat minority shareholders fairly and equitably (*Quinn v. Cardiovascular Physicians*, 254 Ga. 216 (2) (326 SE2d 460); *General Information &c. Systems v. Sweeney*, 176 Ga. App. 315 (335 SE2d 722)), no such obligation or duty is imposed upon a majority shareholder solely by virtue of that capacity. We disagree. "The control and management of corporations is always dictated by the majority." *Comolli v. Comolli*, 241 Ga. 471, 474 (246 SE2d 278). Minority shareholders in close corporations in particular are susceptible to freeze-out by the majority shareholder. See generally 6 EGL § 15, Corporations. Under such circumstances, it would be inconsistent with the realities of the business world to impose a fiduciary relationship upon the directors and officers of a close corporation to protect minority shareholders, but not upon the majority shareholder who really controls the corporation. Thus, for example, majority shareholders must act in good faith when managing corporate affairs. 6 EGL § 117, Corporations. Further, we are satisfied that under notice pleading requirements the complaint on its four corners puts appellees on reasonable notice that W. E. Marshall, Jr.'s fiduciary relationship with minority shareholders arose also out of his position as President and Chairman of the Board of Directors of the company.

3. Appellants assert that the trial court erred in granting summary judgment as to Count VII, which alleged a breach of appellees' oral contract to sell corporate shares to appellant Steven E. Marshall. The trial court concluded that "[t]he alleged oral contract is too vague and uncertain to be enforced." We agree. See *Casper v. Harrison Hatchery*, 172 Ga. App. 35, 36 (321 SE2d 785). Moreover, "[t]hese deficiencies were not cured by performance of the plaintiff, because the agreement relied upon was so vague, indefinite and uncertain 'as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance.' " *Bagwell-Hughes, Inc. v. McConnell*,

224 Ga. 659, 662 (164 SE2d 229). Further, certain inconsistencies appear, as to the terms of this alleged oral contract in appellant Steven E. Marshall's deposition and in one of his affidavits, which would require reasonable explanation. See generally *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680).

## II. Cross Appeal—Case No. 77360

4. Cross-appellants' first and second enumerations of error are without merit. See Division 2, supra.

5. Cross-appellants assert that the trial court "created an anomaly" by granting the motion for summary judgment as to Counts II and III while letting Count IV stand. Suffice it to say that we reversed the trial court's ruling as to Counts II and III. Appellants also assert estoppel as to Count IV. The issue of estoppel as to Count IV presents a jury question. See Division 2, supra.

6. Cross-appellants assert that the trial court erred in failing to find with respect to Count VI, regarding "Stock Conversion" that cross-appellee Steven E. Marshall was estopped from bringing and prosecuting Count VI, and erred in denying the motion for summary judgment as to Count VI. We are satisfied that the issue of estoppel as to Count VI presents a jury question. See Division 2, supra. The cases of *Ray v. Ray*, 231 Ga. 348 (201 SE2d 395); *Ison v. Travis*, 212 Ga. 335 (92 SE2d 518); *Allen v. Allen*, 146 Ga. 204 (92 SE 22) are distinguishable.

Moreover, cross-appellee Steven E. Marshall testified in his deposition that any transfer of his stock to his brother, Bryan, "was under the disguise of deception, deceit, and dishonesty . . . that was manipulated behind my back after I signed the share over to Dad. . . . If that happened, it was without my knowledge, and it was deception in my signing the back for my father to take to [Pat P.] to break into three shares."

Fraud is subtle in nature, and "slight circumstances may be sufficient to carry conviction of its existence." *McNeil v. Cowart*, 186 Ga. App. 411 (1) (367 SE2d 291); *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (1) (290 SE2d 497). Where promises as to future events are made with the present intention not to perform or where the utterer knows the future event will not take place, actionable fraud can arise. *Cooper v. RE/MAX North Atlanta*, 186 Ga. App. 79 (1a) (366 SE2d 328). Actionable fraud may be proved by circumstantial evidence. *McNeil*, supra at 412. Whether the operative facts and circumstances establish actionable fraud "is a matter peculiarly within the province of a jury to determine." Id.; *Ketcham v. Franklyn Gesner Fine Paintings*, 181 Ga. App. 549, 554 (353 SE2d 44).

Cross-appellants' other enumeration of error and assertions also

are without merit.

 *Judgment in Case No. 77359 affirmed in part and reversed in part. Judgment in Case No. 77360 affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1988 —
REHEARINGS DENIED DECEMBER 5, 1988 — 

 *Bauer, Deitch & Raines, Gilbert H. Deitch,* for appellant.
*Harris, Phillips & Harris, R. Britt Harris,* for appellees.