20278. MARSH, Administrator *v.* ANDERSON *et al.*

Hawkins, Justice. Johnny Marsh, as administrator de bonis non with the will annexed on the estate of John Marsh, deceased, brought his petition in Jones Superior Court, against eleven named persons as devisees and legatees under the will of the testator, and against two other named persons as assignees or grantees of the undivided interests of certain of the devisees in the lands belonging to the estate of the testator, alleging that the last will and testament of John Marsh, copy of which is attached to the petition, was duly probated in common form in the Court of Ordinary of Jones County on February 6, 1951; that the estate consisted of 146 acres of land situated in said county; that the will named the testator's daughter, Rosa Lee Code, as sole executrix thereof, and provided that she employ a competent surveyor and subdivide the 146 acres of land into 13 smaller tracts, as follows: One tract consisting of the house or home-place and ten acres of land; five tracts of two acres each; two tracts of five acres each; four tracts of twenty-three acres each, and one tract of twenty-four acres. The twenty-four acre tract was devised by Item 8 of the will to the testator's son, Thomas Marsh; and by Item 10 the home-place and ten-acre tract were devised to the testator's wife. By Item 4 he devised one each of the two-acre tracts to five named grandchildren, and provided that which of the devisees therein named was to get which particular tract of two acres "shall be determined by my executor hereinafter named." By Item 5 he devised one of the five-acre tracts to his grandson, Willie J. Clowers; by Item 6 he devised the other five-acre tract to his daughter Rosa Lee Code in trust for the benefit of her daughter Leona Card; and by Item 14 provided that this five-acre tract should be held by his daughter Rosa Lee Code in trust for Leona Card, for the following uses and purposes and with the following powers: "She shall

pay the income therefrom annually to Leona Card. She shall have the power to rent or sell said tract, at public or private sale without any order of any court. She shall, if she sells the tract, hold the proceeds in trust for Leona, paying to her the income therefrom and all or any part of the principal, if in her judgment, Leona needs it. When Leona reaches the age of forty years, if the property remains unsold, full fee simple title to it shall vest in her." By Item 7 it is provided that "Which of the five-acre tracts aforesaid shall go to my grandson, Willie J. Clowers, and which shall be held in trust for my granddaughter, Leona Card, shall be determined by my executor hereinafter named." By Item 9 he devised one each of the twenty-three acre tracts to three named sons, and to his daughter, and provided that "Which particular tract shall go to which son or daughter shall be determined by my executor hereinafter named." Item 13 of the will is as follows: "I constitute and appoint my daughter, Rosa Lee Code, as executrix of this my last will and testament. I have full confidence in her to carry out my desires as expressed in this will. I expressly empower her to make the divisions contemplated by my will using her best judgment and discretion, and her judgment as to the division shall be final and binding upon my heirs, legatees and devisees. I relieve her from giving bond and from filing any appraisal of my estate or returns of acts and doings, except that I desire that she file a final return. If it should become necessary to sell any of my property for the purpose of paying debts, or for any other legal purpose, I empower her to make such sale or sales publicly or privately as she may deem best for the interests of my estate, without any order of any court."

The petition alleges that Rosa Lee Code qualified as executrix on February 7, 1951; that letters testamentary were issued to her, but that sometime thereafter she died intestate without having carried out the directions of her testator to have said real estate surveyed and subdivided; that thereafter Samuel Marsh, a son of the testator and one of the named devisees, qualified as administrator de bonis non with the will annexed; that he employed a surveyor and did subdivide the land into the various tracts and parcels as directed by the testator, but that he was thereafter removed for cause and never distributed the various parcels of land among the various devisees; that thereafter petitioner was appointed administrator de bonis

non with the will annexed, and desires to carry out the directions of the testator and divide the respective parcels among the named devisees; that he has been advised that the authority and powers granted by the testator to his named executrix were personal and did not devolve upon him as such administrator, and that a court of equity has the power to appoint a trustee or commissioner to carry out the purposes of the testator; that two of the devisees named in the will are now deceased, and petitioner is uncertain as to what disposition should be made of the portions of the estate devised to them, and desires direction of the court as to the distribution thereof; that Guy L. Anderson, Jr., and D. V. Childs, Jr., who are not devisees under the will, claim to have acquired by deeds of conveyance the undivided interests of certain of the devisees, and are made parties defendant; that, aside from the 146 acres of land, there are no assets available for the payment of costs of administration, including surveyor's fees, court costs, attorney fees, commissions, and other expenses, and the petition prays: (a) for process; (b) for service by second original upon defendants residing in other counties in Georgia; (c) for service by publication upon a nonresident devisee; (d) that the court as a court of chancery effectuate the purposes manifested by the testator, and to that end a trustee or commissioner be appointed to exercise the personal power and discretion granted by the testator to his named executrix; (e) that petitioner be directed with respect to the disposition and distribution of the interests in said estate of the two devisees now deceased; (f) that such interests in the estate as have been acquired by the defendants Anderson and Childs be subject to a lien in favor of petitioner to the extent of their prorata share of the various costs of administration of said estate, or that the instruments under which said defendants purportedly acquired their interests be declared null and void as against petitioner; and (g) for such other and further relief as to the court may seem proper.

To this petition the defendants Anderson and Childs filed their joint general demurrers upon the grounds, that it failed to state a cause of action; that petitioner had an adequate remedy at law as such administrator in that his duties, powers, limitations, and liabilities are set forth and specified by the statutes and laws governing wills and the administration of estates, of which the court of ordinary has exclusive jur-

isdiction; and that the petition shows on its face that the designation of the various parcels to be received by the named devisees was entirely discretionary with the named executrix, and was strictly a personal power and trust given only to the named executrix in the will, which died with that person. To the judgment sustaining these general demurrers the plaintiff excepts. *Held:*

It is conceded by counsel for the plaintiff that personal and discretionary powers conferred upon an executor by a testator do not pass to or devolve upon an administrator de bonis non with the will annexed; but it is contended that, under the present will, the division of the entire tract of land into designated tracts by a surveyor was mandatory and imperative in all events, and that only the distribution of the various tracts to the several devisees was left to the discretion of the executrix; and that a court of equity has the broad, inherent power to exercise the discretion and make the distribution among the various devisees through a commissioner appointed by the court, and subject to the approval of the court. With this contention we cannot agree. It is a well-established rule that a testator by his will may make any disposition of his property not inconsistent with the laws, and that in the interpretation of wills the intention of the testator should be diligently sought for and effect given thereto *so far as may be consistent with the rules of law. Terry* v. *Buffington,* 11 *Ga.* 337, 344 (56 Am. Dec. 423) ; *Redd* v. *Hargroves,* 40 *Ga.* 18, 25; *Weed* v. *Knorr,* 77 *Ga.* 636 (1 S. E. 167); Code § 113-806. One of the rules of law applicable to all wills is that, where the will confers upon an executor a power involving a purely personal trust or confidence, and it is apparent that the testator expected and intended that the person appointed to carry out his direction shall exercise a personal discretion in so doing, the power conferred will not pass to a successor appointed by the court. *Semmes* v. *Mayor &c. of Columbus,* 19 *Ga.* 471, 490; *Freeman* v. *Prendergast,* 94 *Ga.* 369, 387 (21 S. E. 837) ; *Gilmore* v. *Gilmore,* 201 *Ga.* 770 (41 S. E. 2d 229). The petition in this case alleges that, aside from the real estate here involved, there are no assets of the estate for the payment of debts or the expenses of administration. Item 1 of the will directs that all just debts of the testator be paid as soon after death as may be practicable. Under Item 13, the executrix is empowered to sell, at either

public or private sale, as she may deem best, without order of any court, any of the property of the estate for the purpose of paying debts, or for any other legal purpose, which would include payment of costs of administration. The will specifies the size of the 13 tracts into which the 146 acres are to be divided, and they together total 146 acres. The will not only confers upon the executrix the discretionary power to determine which particular tract will be distributed to each of the devisees, but leaves to her discretion the shape of each of the tracts, and their location with respect to each other, and also the determination of the question of whether all or a portion of the property should be sold by her at public or private sale to pay debts, or for any legal purpose. Thus the duty and power to divide the entire tract into designated parcels were not mandatory and imperative in all events, but were left to the personal discretion of the executrix, and will not pass to a successor appointed by the court. The trial court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Hugh Howell, Jr., Jones, Sparks, Benton & Cork, A. O. B. Sparks, Jr.,* for plaintiff in error.

*J. Pierce Anderson,* contra.